## FRENCH v. HALL.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE DISTRICT OF COLORADO.

Submitted November 8, 1886. — Decided November 29, 1886.

An attorney at law, prosecuting or defending in a civil action, is a competent witness on behalf of his client at the trial of the action.

When it is within the discretion of the court whether to admit evidence in rebuttal which might have been offered in chief, the party offering it is entitled to the exercise of the discretion at the time of the offer.

This was an action at law to recover for services claimed to have been rendered by plaintiff in error to defendant in error. Judgment for defendant, to review which this writ of error was sued out. The case is stated in the opinion of the court.

*Mr. Amos Steck* and *Mr. M. B. Carpenter* for plaintiff in error.

*Mr. Edward O. Wolcott* for defendant in error.

.MR. JUSTICE MATTHEWS delivered the opinion of the court.

The plaintiff in error, who was plaintiff below, a citizen of Massachusetts, brought his action at law in the Circuit Court of the United States for the District of Colorado, against the defendant in error, to recover for the value of services alleged to have been performed by him for the defendant, as a broker, in reference to the sale of certain mining property in which the defendant was interested. There was a general denial by the answer of the defendant, and the cause was submitted to a jury upon the issue joined. The record shows that on the first trial there was a verdict in favor of the plaintiff for $5000, which, on a motion for a new trial, was set aside on payment of costs. Thereupon, at a subsequent term, the cause came on again for trial by jury, and there was a verdict for the defendant, and judgment rendered thereon, to reverse which is the object of the present writ of error.

It appears from the bill of exceptions taken on the second trial that the plaintiff, to maintain the issue on his part, gave evidence tending to prove that the defendant, Hall, promised to pay him $5000 for his services in assisting the defendant to make sale of certain mining property in which he was interested. The defendant, to maintain the issue on his part, gave evidence tending to prove that he never promised to pay the plaintiff any sum whatever. The defendant, while on the stand as a witness, on cross-examination, testified that he never told any one that he promised to pay the plaintiff the sum of $5000, and further testified that he never told the attorney of the plaintiff, Mason B. Carpenter, that he promised to pay the

plaintiff the sum of $5000. The plaintiff in rebuttal offered as a witness the said attorney, Mason B. Carpenter, who was the sole attorney of plaintiff in conducting the trial of said cause, and who offered to testify that the defendant, Hall, had told him, the said Carpenter, that at a certain time and place he, the defendant, promised to pay the plaintiff, French, the sum of $5000.

The court refused to allow the said Carpenter to be sworn as a witness for the plaintiff because he was acting as an attorney for the plaintiff in conducting the trial of the cause, to which ruling the counsel for the plaintiff excepted.

It further appears from the bill of exceptions that afterwards, upon a motion for a new trial, the court said that the said Carpenter was in fact competent to testify as a witness for the plaintiff, but that his testimony was not offered at the proper time; that the testimony of the witness Carpenter was receivable only in chief and upon the plaintiff's opening, and not in rebuttal; and that this being the second trial of the cause, the plaintiff was not surprised by the testimony of the defendant, Hall, and it was his duty to give in chief and in his opening all evidence as to admissions by the defendant as well as other matters. For this reason the motion for a new trial was denied.

The question for consideration is, whether the court erred in its ruling in not permitting the examination of the plaintiff's attorney as a witness on the plaintiff's behalf. It appears from the bill of exceptions that no objection was made to the examination of the witness by the defendant; the refusal to allow him to be sworn seems to have emanated from the court *sua sponte*, on the ground that he was acting as an attorney for the plaintiff in conducting the trial of the cause. There is nothing in the policy of the law, as there is no positive enactment, which hinders the attorney of a party prosecuting or defending in a civil action from testifying at the call of his client. In some cases it may be unseemly, especially if counsel is in a position to comment on his own testimony, and the practice, therefore, may very properly be discouraged; but there are cases, also, in which it may be quite important, if

not necessary, that the testimony should be admitted to prevent injustice or to redress wrong. Such seems, also, to have been the more deliberate opinion of the Circuit Court in this case, as it appears from the bill of exceptions that the refusal to grant a new trial for the alleged error in its ruling was justified, not on the ground that the witness was incompetent, but that his testimony was not offered at the proper time, being receivable only in chief upon the plaintiff's opening, and not in rebuttal.

This reason might have applied if the object of the testimony had been merely to prove an admission on the part of the defendant, and the offer had been rejected on that ground at the time, although it would be a strict application of the rule to require the plaintiff to assume in advance that the defendant would deny as a witness the truth of the plaintiff's case. But aside from that, the testimony seems to have been competent in rebuttal as proof of a contradictory statement made by the defendant at another time and place, with a view to discrediting him as a witness. However that may be, and admitting that the testimony offered was strictly competent only in chief, nevertheless it was a matter of discretion with the court at the time of the trial whether the testimony should be admitted when offered after the defendant had testified. The plaintiff was entitled to the exercise of that discretion on the part of the court at that time, which in the present case he was deprived of by the ruling of the court rejecting the offer of the testimony on another and an illegal ground. We are of the opinion that the court erred to the prejudice of the plaintiff in this respect. The judgment of the Circuit Court is therefore

　*Reversed, and the cause remanded, with directions to grant a new trial.*