WALTER v. JOLINE et al.

(Supreme Court, Appellate Division, First Department. January 21, 1910.)

1. APPEAL AND ERROR (§ 1032*)—HARMLESS ERROR—PREJUDICIAL EFFECT.
    Unless error is so substantial as to raise a presumption of prejudice, it should be disregarded on appeal.
    [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4047–4051; Dec. Dig. § 1032.*]

2. NEW TRIAL (§ 29*)—MISCONDUCT OF COUNSEL—ARGUMENT.
    The action was against a street railroad company for injuries, and on a previous trial a juror was withdrawn and a new trial ordered. Defendant's counsel warned plaintiff's counsel in the present trial that he would move to withdraw a juror if plaintiff's counsel referred to the prior trial in his opening statement. Plaintiff's counsel, in his open-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ing statement, stated that it would be necessary to refer to the previous trial, in which a juror was withdrawn, because he intended to introduce, as witnesses, two of the jurors in that case, and because of something they noticed while sitting therein, to which defendant's counsel objected, and moved to withdraw a juror, and that the jury be instructed to disregard the statement as to what occurred on the former trial, which requests were denied. Plaintiff's counsel continued, stating that plaintiff was not an educated man, and could not now work as a waiter, and had been a charge on the church since he was injured, which, upon objection and a motion to withdraw a juror, the judge stated was improper, but that he did not think it would affect the jury, and instructed the jury to disregard the remarks of plaintiff's counsel as to the former trial and what he intended to prove by jurors therein. On cross-examination of one of defendant's witnesses, plaintiff asked whether the witness remembered that an officer, who did not testify in the present trial, testified for defendant at the last trial, and as to his testimony about plaintiff getting off the car while it was moving, all of which testimony defendant objected to, and moved to strike it, which motion was refused; but the court instructed that defendant's refusal to call the officer and other witnesses in the present trial should not be prejudicially considered. In summing up, plaintiff's counsel asked why the officer was not called, and stated that he was not called because he testified favorably to defendant before and could not stand the probe of cross-examination, whereupon, on objection, the court stated that plaintiff could not comment on defendant's failure to put on such witness. *Held,* that a verdict for plaintiff would be set aside.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 43, 44; Dec. Dig. § 29.*]

3. EVIDENCE (§ 575*)—TESTIMONY AT FORMER TRIAL.

In an action against a street railroad company for injuries, questions to defendant's witness on cross-examination as to what another witness for defendant, who did not testify in the present trial, testified to in the last trial of the case, were improper and prejudicial.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2407–2409; Dec. Dig. § 575.*]

Appeal from Trial Term, New York County.

Action by James E. Walter against Adrian H. Joline and another, as receivers of the Metropolitan Street Railway Company. From a judgment for plaintiff, and an order denying a motion for a new trial, defendants appeal. Reversed, and new trial ordered.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

Masten & Nichols (Bayard H. Ames, of counsel, and John Montgomery; on the brief), for appellants.

I. Henry Harris, for respondent.

CLARKE, J. Plaintiff was a passenger on a Broadway car. He alleged that he had been thrown from said car and received the injuries complained of by reason of the premature and negligent starting thereof as he was alighting therefrom. A question of fact was presented for the jury, which was resolved in favor of the plaintiff. The Court of Appeals, in Post v. Brooklyn Heights Railroad Co., 195 N. Y. 62, 87 N. E. 771, has said:

"There are errors in this record, but we find nothing calling for reversal, when the circumstances under which the erroneous rulings were made and

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

their probable effect on the result are taken into account. Under our system of appeals, every error does not require a new trial, for the vast judicial work of the state could not be done on that basis. Unless the error is so substantial as to raise a presumption of prejudice, it should be disregarded, for undue delay is a denial of justice."

Mindful of the salutary rule thus enunciated, we would not interfere with this verdict, were it not for the fact that the record discloses such misconduct on the part of plaintiff's attorney as clearly requires the granting of a new trial in the interests of justice. It appears that upon a previous trial of this case, had about two weeks prior thereto, a juror had been withdrawn and a new trial ordered. Immediately after the jury had been impaneled in the case at bar, counsel for the defendants said:

"I ask that the opening of plaintiff's counsel be taken down and I warn him now that if he states anything about any former trial I shall move for the withdrawal of a juror."

Plaintiff's counsel stated upon the opening:

"The case itself gentlemen, has had rather a checkered career, as will appear from the testimony which I will bring out. This case was tried before, with no result, and a juror was withdrawn. It becomes necessary for me to state this to you at the outset, because I shall put upon the stand two of the jurors who sat in that box, and because of something that they noticed, while jurors, on the outside of the case."

Whereupon defendants' counsel moved for the withdrawal of a juror, which was denied. He then asked that the court "now direct the jury that they shall absolutely disregard the statement of counsel as to whatever occurred upon a previous trial," which the court denied. Further in his opening plaintiff's counsel said:

"He can't work as a waiter; he is not an educated man, and he can find no employment as a waiter; in fact, he has been a charge upon the church, and hasn't been able to work."

This was objected to. The court stated:

"That is very improper."

Defendant excepted, and moved to withdraw a juror. The court said:

"I do not think that will affect the jury; but counsel for defendants tells me that the jurors whom he proposes to call will give testimony with reference to a witness on the former trial who is to be discredited thereby, and he says he is not going to call that witness because the improper suggestion of which you complain was made to the plaintiff. * * * After conferring with counsel, I desire to instruct you that you are to pay no attention whatever to the opening remarks of the plaintiff's attorney as to what he intended to prove by any jurors on a former trial, and you will disregard any remarks about a former trial."

In the cross-examination of the conductor, who was a witness for the defendants, the following occurred:

"By Plaintiff's Counsel: Q. Do you remember on the last trial of an officer by the name of Meyers testifying? (Objected to as incompetent, irrelevant, immaterial, and not proper cross-examination. Objection overruled. Exception.) Q. A man by the name of Meyers was on the stand, wasn't he; a police officer? A. Yes, sir. Q. And he testified for the defendant, didn't

he? (Same objection. Objection overruled. Exception.) A. Yes, sir. I don't think he is in the courtroom. * * * I was here in the courtroom when Meyers was cross-examined. Q. Do you recall Meyers testifying, on the direct examination by Mr. Cole, that the plaintiff got off the car while the car was moving, and that he saw him getting off and ran to him? A. I can't remember what Meyers said at all. (Same objection. Objection overruled. Exception.) Q. Do you remember Mr. Cole asking Mr. Meyers, the police officer, whether or not he had made a note in a notebook of how the accident happened, for the purpose of making a report to the station house? (Same objection. Objection overruled. Exception.) A. Yes, sir.

"Defendants' Counsel: Do I need to take any further objections to this line?

"The Court: No.

"Defendants' Counsel: I have one exception to all this line of testimony.

"The Court: Yes."

And thereafter there were two pages in the printed record of examination of this witness concerning the testimony of Meyers given upon the former trial, a witness who was not produced upon this trial.

We know of no theory under which such testimony could be held relevant. Its admission was improper, objectionable, and prejudicial. At the close of the case counsel for the defendants moved to strike out all the testimony brought out from the conductor on cross-examination as to what took place on the previous trial, and, the motion being denied, excepted. Counsel further asked the court to instruct the jury that:

"The failure of the defendants to call any witnesses cannot be construed by them in any manner whatsoever.

"The Court: You mean these witnesses, Mr. and Mrs. Beterman and Mr. Meyers?

"Defendants' Counsel: Yes.

"The Court: I do so say to you, gentlemen, that the failure of the railroad company to call the witnesses named is not to be considered by you in their prejudice."

During the summing up, counsel for the plaintiff said:

"Why isn't the officer in court? He isn't called because he testified favorably to the defendants, and because he is a good, nice witness, and because he could not stand the probe of cross-examination. Why do you suppose Mr. and Mrs. Beterman are not in court?

"Counsel for Defendants: I object to this, and move to withdraw a juror.

"The Court: I thought you understood my ruling on that.

"Plaintiff's Counsel: I didn't understand that your honor rules that I couldn't comment on it.

"The Court: I did. I made it very plain to you that I would charge the jury that the absence of these witnesses should not be deemed prejudicial to the defendants.

"Counsel for Plaintiff: Can't I comment on that? They haven't been called.

"The Court: No, sir; not under my ruling.

"Counsel for Plaintiff: I did not understand your honor to rule as strong as that.

"The Court: I do."

It thus appears that from the very commencement of the trial to the close thereof the attorney for the plaintiff persistently injected into the case prejudicial allusions to occurrences upon the former trial, and, by improper questions, testimony affecting a witness upon that former trial not produced upon this trial. The purpose of such conduct was obviously intended to affect the jury—to persuade them that the plain-

tiff ought to have a verdict on this trial because of what had occurred on a former trial. It was deliberately calculated to arouse hostility towards the defendants and obtain a verdict based on prejudice, instead of reason. However good a litigant's cause of action may be, a verdict recovered under such circumstances ought not to stand. Courts of justice exist for the purpose of securing a fair determination of controversies. The judgment appealed from lacks that fundamental essential.

The judgment and order appealed from should be reversed, and a new trial ordered, with costs to the appellants to abide the event. All concur.