### HYMAN v. HYMAN.

(Supreme Court, Appellate Division, First Department.  January 3, 1913.)

1. EVIDENCE (§ 590*)—LEGAL ETHICS—WITNESS.

Although contrary to the ethics of the profession for an attorney voluntarily to place himself in a position where it is necessary for him to become a witness in order to establish his client's cause of action, such an act does not render such evidence inadmissible.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 2439; Dec. Dig. § 590.*]

2. DIVORCE (§ 129*)—ADULTERY—SUFFICIENCY OF EVIDENCE.

That plaintiff, on the advice of her attorney, went with the attorney and other persons to a room in which defendant was supposed to be living in a state of adultery with another woman, and there discovered evidence affirming the plaintiff's suspicions, it was improper for the trial court to disregard such evidence, on the ground that the mode of obtaining the evidence enveloped the whole case in an atmosphere of suspicion.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 411–441, 454; Dec. Dig. § 129.*]

Appeal from Special Term, New York County.

Action by Lena Hyman against Louis Hyman. Judgment for defendant, and the plaintiff appeals. Reversed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, MILLER, and DOWLING, JJ.

Leon Levy, of New York City, for appellant.

Jacob Silverstein, of New York City, for respondent.

PER CURIAM. Action for a divorce. Defendant did not appear in the action or at the trial. At the close of plaintiff's case the complaint was dismissed, and she appeals. After the appeal was taken the defendant appeared.

The complaint was dismissed, as appears from the opinion of the learned justice sitting at Special Term, because the plaintiff's counsel who tried the case advised the plaintiff how to procure evidence and

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

then personally assisted in securing the evidence; that such conduct on the part of counsel "is condemned by professional ethics, and should, in like measure, be condemned by public policy"; that while such action does not as matter of law disqualify the counsel from testifying as a witness to the adultery, "yet as matter of fact it shocks the sense of propriety and envelops the whole case in an atmosphere of suspicion."

[1] It is not, so far as we are aware, contrary to professional ethics for an attorney or counsel, if there be legal evidence in existence, to advise his client how to obtain it; and this, even though the action be one to procure a divorce. It is contrary to the ethics of the profession for an attorney or counsel voluntarily to place himself in a position where it is necessary for him to become a witness in order to establish his client's cause of action or defense; but his act ought not to deprive the client of that to which he would otherwise be entitled.

[2] In the present case there is not the slightest doubt, as appears from the record, that the plaintiff was entitled to a judgment of divorce. The defendant was living openly and notoriously with another woman whom he called his wife. The plaintiff had reason to believe that fact. Her counsel advised, if her suspicions were correct, she could, by following his advice, obtain the evidence of it. His advice was followed, and the plaintiff, in company with several other persons, including her counsel, resorted to subterfuge and obtained admission to defendant's room, and what was there seen proved that the wife's suspicions were correct and that the defendant was living and cohabiting with another woman. This was established by several witnesses, including plaintiff's counsel. There is nothing to suggest that their testimony is not true, and the same, being wholly uncontradicted, should have been accepted, and the judgment of divorce granted.

The finding that the defendant had not committed adultery at the time, place, and with the person stated is against evidence, as is also the finding that such adultery was not committed without the connivance, procurement, or consent of the plaintiff, or that the plaintiff had not voluntarily cohabited with the defendant since the discovery of such act of adultery.

The judgment appealed from, therefore, is reversed, and a judgment directed for plaintiff, with costs.