CHARLES MINERVINI, Respondent, *v.* ANGELINA MINERVINI, Appellant.

First Department, December 3, 1926.

**Husband and wife — divorce — trial — wife was charged with adultery — first framed issue, involving question whether adultery was committed between two certain dates, was withdrawn by stipulation at close of case — court should have granted wife's motion to strike out all evidence relating to that question — error is disregarded since court very distinctly charged jury that sole question was whether adultery charged to have been committed on later date, specified in second framed issue, was committed — evidence supports finding that wife committed adultery on date specified in second framed issue.**

In an action for divorce, in which the wife is charged with having committed adultery, it was error for the court, after the first framed issue, which presented

the question whether adultery was committed between certain specified dates, was withdrawn at the close of the case, to deny the wife's motion to strike out all evidence relating to that issue, for, while the evidence was competent generally when offered and received, it became incompetent generally as soon as the first framed issue was withdrawn.

But the error is disregarded, since it appears that the court in its charge very distinctly instructed the jury that the only question before it was whether or not the wife committed adultery on the date specified in the second framed issue.

The evidence supports the finding of the jury that the wife was guilty of committing adultery on the date specified in the second framed issue.

APPEAL by the defendant, Angelina Minervini, from an interlocutory judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Bronx on the 26th day of June, 1925, upon the decision of the court rendered after a trial at the Bronx Special Term.

*Peter J. Baxter* of counsel [*Edward E. Bianco,* attorney], for the appellant.

*Frank J. Rinaldi,* for the respondent.

DOWLING, J. This action is a consolidation of two actions, one brought by plaintiff herein for a judgment of absolute divorce upon the ground of defendant's adultery, the other brought by the present defendant against the plaintiff for a separation on the ground of her abandonment by him.

Two issues were framed for submission to trial by a jury, as follows:

" 1. Did the plaintiff between the 20th and 25th days of November, 1924, at premises 2500 Webb Avenue, Borough of the Bronx, commit adultery with Carmine Cucillo?

" 2. Did the plaintiff above-named on the 13th of January, 1925, at premises 2500 Webb Avenue, Borough of the Bronx, commit adultery with Carmine Cucillo [Corcillo] ? "

The plaintiff referred to in said questions was in reality the defendant herein, Angelina Minervini, she being referred to as plaintiff because the order was made in the action brought by her for a separation, wherein her husband set up as a counterclaim the same allegations of adultery by her as constituted his cause of action for divorce. Because of this confusion in appellations Angelina Minervini will be referred to herein as the wife, Charles Minervini as the husband.

Upon the trial the husband introduced evidence in support of his claim of his wife's adultery under both framed issues. He called as witnesses upon the first issue Jacob C. Langstine and Jane Langstine. Their testimony was competent when it was

received, for it was relevant to the first issue, then before the jury for consideration. But at the close of the case the husband's counsel asked that the court take from the consideration of the jury question No. 1, to which the learned trial court replied: " It is stipulated that Question No. 1 is withdrawn. The only question to be submitted to the jury for their answer is Question No. 2, ' Did the defendant above named on the 13th day of January, 1925, at premises 2500 Webb Avenue, the Borough of the Bronx, commit adultery with Carmine Corcillo? ' "

The wife's counsel then moved to strike out all of the testimony given by plaintiff's witnesses as to what occurred before January 13, 1925, and also renewed his motion to strike from the record all of the testimony given by Mr. and Mrs. Langstine as to what occurred before that date. This motion was denied, and an exception was taken.

In my opinion, this constituted error. While the testimony of the Langstines was competent generally when offered, as it was, in support of question No. 1, it no longer was competent generally when question No. 1 was withdrawn from the consideration of the jury by the trial court, on the motion of the husband's attorney. The motion to strike the testimony from the record should, therefore, have been granted, unless the husband's attorney desired to use it for the limited purpose of showing inclination, opportunity or lascivious disposition upon the part of the wife and her alleged paramour, and thus having a bearing upon the probability of their having illicit intercourse on the date set forth in question No. 2. But the husband's attorney did not ask to have the testimony remain upon the record for such limited purpose, and it was not so limited by the trial court.

And still, despite this error, I believe the judgment should be affirmed, and the error disregarded. The learned trial court at the very outset of his charge told the jury: " There is one question before you, and that is, did the defendant on the 13th day of January, 1925, at premises 2500 Webb Avenue, Borough of the Bronx, commit adultery with Carmine Corcillo? " He charged them in full as to their duty in weighing the evidence and laid down proper rules for their guidance in reaching a conclusion. His charge, read as a whole, shows that he was referring only to the episodes of the evening of January thirteenth. Thus he said to the jury: " To give you what they say, you have your own knowledge that is incontrovertible about the physical proof, the building, the windows or hall, the cellar, the dumbwaiter, the ladder, the snow, the entrance to the hall, the location of the rooms, and all that. Probably there is no doubt about the accuracy of the picture in your

minds with regard to the courtyard and house, and all that on that night. There is a disputed question with regard to that shade, as to whether it was all the way down or an inch and a half up from the bottom, enabling people from the outside to peer through. There is dispute on either side as to the apparel and costume of the various people in that apartment on that particular night. There is dispute as to what was said there and all that, and you are to take what the witnesses say as to all those things and submit them to an acid test, and especially is there an acid test to be applied to what a private detective says upon the stand. He must be corroborated by circumstantial evidence or by the oral evidence of witnesses who speak from this chair. Otherwise his testimony should not be considered at all. Of course, you understand that there were witnesses here who sought to corroborate him." All this has reference only to the events of the evening of January thirteenth, and to no other date. Nowhere does he refer to the testimony of the Langstines, or to anything that happened before that date. I think it safe to say upon this record that the jury were interested only in the controversy as to what happened on the later date and had forgotten all about the former.

As to what happened on the evening of January thirteenth, there was a sharp conflict of testimony. The private detective Colasanto was fully corroborated by the witnesses Archie Pistalli and Mario Pistalli, brothers, whose sister is married to the brother of the husband. Scrutinizing their testimony with great care the conclusion is irresistible that they were telling the truth as to the position in which they saw the wife and the corespondent, and as to what occurred in the living rooms of the wife when they entered the same. Their testimony carries conviction that it is true, and that the jury were justified in accepting it and finding the wife guilty of the adultery charge.

In this view of the whole case I am of the opinion that the error referred to was not prejudicial, and that the judgment appealed from should be affirmed.

Clarke, P. J., McAvoy and Burr, JJ., concur; Merrell, J., concurs in result.

Judgment affirmed.