GEORGE S. HUGHES, Respondent, *v.* WILSON SULLIVAN COMPANY, INC., Appellant.

Third Department, January 8, 1941.

*Cooper, Erving & Savage* [*Edward S. Rooney* of counsel]; *John DeGroot Rawson* with him on the brief], for the appellant.

*Coplin Yaras*, for the respondent.

PER CURIAM. Plaintiff sought to recover moneys claimed to have been paid to the defendant to make good the defalcations of a relative and which the defendant agreed to see were repaid. The defendant contended that the moneys were loaned by the plaintiff to the relative and paid by the relative to defendant and denied that it had agreed to repay them or guaranteed their repayment. A sharp issue of fact as to the substance of the agreement was resolved by the jury in the plaintiff's favor.

Defendant assigns error in that plaintiff's trial counsel took the witness stand and testified to a disputed conversation between himself and the president of the defendant. This conversation had taken place before the institution of this action, and defendant's president, upon cross-examination, differed with plaintiff's counsel as to its nature. When the plaintiff's attorney offered to testify, objection was raised and overruled, and the witness then volunteered the statement that he had sought the advice of the court with respect to the propriety of his taking the stand and that the court stated it saw no impropriety in his doing so.

While the practice of a trial counsel becoming a witness in his client's behalf is not to be encouraged (Canons of Professional Ethics, New York State Bar Association, § 19), the witness is not disqualified. On occasion it may be the attorney's duty to testify in order to prevent a miscarriage of justice. While it was improper for the witness to state the substance of his private conversation with the presiding judge, an examination of the entire record here shows that the incident could not have affected the result of the trial, and that the verdict was fully justified. Trial counsel on both sides were unduly contentious on the trial.

There were no exceptions to the charge and the judgment should be affirmed.

BLISS, HEFFERNAN and FOSTER, JJ., concur; HILL, P. J., and SCHENCK, J., dissent and vote for a new trial on the ground that there was prejudicial conduct on behalf of the attorney for the plaintiff.

Judgment affirmed, with costs.