Adreana P. Weil, Appellant, v. Charles Weil, Respondent.

First Department, November 10, 1953.

*Neilson Olcott, Norman Roth* and *Joel J. Weiner* for appellant.

*Hiram S. Gans, John Harlan Amen, Robert Granville Burke* and *Leo Realberg* for respondent.

*Per Curiam.* After trial of framed issues of adultery plaintiff wife, who was found guilty of one of the charges, claims error in the admission of evidence and unfairness in the trial as a result of tactics of the husband's trial counsel.

The wife brought the action for separation. The husband counterclaimed for divorce in an amended and supplemental answer specifying two adulteries. One adultery is alleged to have occurred in New York City with one of the lawyers for the wife, during the pendency of the action. At the close of the husband's proof the charge of adultery in Italy was dismissed. The trial proceeded with respect to the issue of the alleged New York City adultery.

The lawyer who tried the case for the husband had personally directed the investigation, and was personally present during the shadowing and the "raid" which produced the evidence of the alleged New York City adultery. He testified at length as a witness with respect to his observations in such investigation including the "raid". As a consequence of the lawyer's activity and testimony, developed before the jury, his participation as overall strategist, investigator and witness must have been impressed upon the jury.

The record demonstrates that his integrity, credibility and professional status were intertwined inseparably with the issues of the case upon which the jury was obliged to make a finding.

The Canons of Professional Ethics provide: "When a lawyer is a witness for his client, except as to merely formal matters, such as the attestation or custody of an instrument and the like, he should leave the trial of the case to other counsel. Except when essential to the ends of justice, a lawyer should avoid testifying in Court on behalf of his client." (Canon 19.)

The Canons further provide: "It is improper for a lawyer to assert in argument his personal belief in his client's innocence or in the justice of his cause." (Canon 15.)

Assuming that the lawyer's active personal participation in the pretrial investigation was nothing worse than undignified, it established the likelihood of his becoming a witness upon the trial. Even if he had not testified as a witness, the repeated reference to his presence at events described by witnesses procured and examined by him emphasized that he personally vouched for their testimony. When the implication of such voucher was made manifest by his taking the stand the lawyer staked his oath and his word against his client's adversary. In the absence of compelling necessity that was improper. The record shows that the trial lawyer's word and his oath were in issue. Especially in a case involving such delicate issues, charged with high emotional pressure, the trial was not a fair one regardless of cumulative proof.

There is no showing, except for an *ipse dixit,* of the necessity of counsel becoming a witness or of the prospective witness acting as counsel.

For the reasons set forth we might be moved to consider on those grounds alone the granting of a new trial in the interests of fairness and in the interests of maintaining the dignity of the judicial tribunal and of the profession. (See *Flamm* v. *Noble,* 274 App. Div. 1037, and *Cherry Creek Nat. Bank* v. *Fidelity & Cas. Co.,* 207 App. Div. 787, 791.) But there was more in this trial, for which the trial lawyer was largely responsible. Unfairness in the offer of rejected evidence in combination with errors in the admission of evidence had the effect, on the particular facts, of debasing the verdict.

The husband, although prohibited in a case of this kind from testifying as to any but certain limited matters by section 349 of the Civil Practice Act, was permitted to testify and detail the physical description of the apartment in which the alleged adultery occurred, and to identify the handwritings of the alleged paramour in Italy. The effect was to offer the husband as a witness indirectly to facts of adultery.

An affidavit of the wife's mother was offered in evidence by the husband's counsel and received. It contained matter distinctly adverse to the wife. It was clearly inadmissible as hearsay and incompetent opinion. The fact that it was a filed affidavit originally submitted by the wife on a motion in the action did not make it competent. Such submission of the affidavit by the wife may have been an admission that the mother said what she said but it was not an admission that the assertions were true. The effect of receiving it in evidence upon the trial must have been damaging and prejudicial.

But we come to even more serious matters which suggest disregard of the canon that " A lawyer should not offer evidence, which he knows the Court should reject, in order to get the same before the jury by argument for its admissibility ". (Canon 22.)

It will be recalled that the New York City adultery was alleged to have occurred with a lawyer who had represented the wife. This lawyer had been employed by a firm of lawyers. One of the partners of that firm was called to the stand and permitted to testify that the lawyer was no longer an employee. Effort was made to offer a paper bearing the signatures of the wife and the partner. The fact that the law firm waived all compensation for its services was presented to the jury in

a question by the lawyer for the husband, to which question objection was of course sustained. Then, to top it off, counsel asked in open court for a waiver of the privilege between attorney and client, which was declined. Commentary is not required.

There were other tactics with respect to the proof of the alleged adultery in Italy which arguably may have influenced the jury in its finding with respect to the alleged New York City adultery. It is not necessary, however, to comment upon them, because that issue no longer remains in the case, it having been dismissed. In any event the principles are plain and clear. None should have difficulty in applying them.

The circumstances mentioned render the trial in this case an unfair one and therefore require a reversal of the interlocutory judgment and the granting of a new trial upon the framed issue of the alleged New York City adultery. This is so despite the fact that the proof with respect to the alleged New York City adultery was adequate. Nevertheless the injection of the circumstances to which we have referred make it impossible to say the jury's determination on the controverted issue was not infused with elements prejudicial and unfair to the plaintiff wife. It is not enough that a jury have submitted to it sufficient proof on an issue of fact. (See *Walter* v. *Joline,* 136 App. Div. 426, wherein the court said at p. 429: '' However good a litigant's cause of action may be, a verdict recovered under such circumstances ought not to stand ''.) It is mandatory that the issues be presented clearly and free of a murky atmosphere of prejudice, irrelevant suggestion, and the displacement of clients by counsel.

The interlocutory judgment of divorce should be reversed, with costs and a new trial granted as to the framed issue of the alleged adultery under the first counterclaim in the answer.

Cohn, J. (dissenting). Upon wholly adequate testimony a jury has found plaintiff wife guilty of adultery committed in New York City in the month of June, 1952. Plaintiff asserts that the trial was unfair basing her claim chiefly upon the fact that defendant husband's trial counsel played an important role in the preliminary investigations, was a witness to the so-called '' raid '' upon her apartment, and testified at the trial. Other alleged errors are asserted which presently will be discussed.

Though the practice of a trial counsel serving as a witness in his client's behalf is not to be encouraged (Canons of Pro-

fessional Ethics, Canon No. 19) the witness, however, is in no respect disqualified. At times it may even be an attorney's duty to testify in order to prevent a miscarriage of justice. (*Hughes* v. *Sullivan Co.,* 261 App. Div. 39, 40.)

It has repeatedly been held that testimony of a trial attorney offered in behalf of his own client is competent. The weight of such testimony is, of course, for the jury; questions of his interest, partiality and bias are to be considered in weighing his testimony. (*Little* v. *McKeon,* 1 Sandf. 607, 609; *Robinson* v. *Dauchy,* 3 Barb. 20, 31; *People* v. *Tait,* 234 App. Div. 433, 441, affd. 259 N. Y. 599; *Waterman* v. *Bryson,* 178 Iowa 35.)

In *French* v. *Hall* (119 U. S. 152, 154, 155) the rule was concisely stated as follows: "There is nothing in the policy of the law, as there is no positive enactment, which hinders the attorney of a party prosecuting or defending in a civil action from testifying at the call of his client. In some cases it may be unseemly, especially if counsel is in a position to comment on his own testimony, and the practice, therefore, may very properly be discouraged; but there are cases, also, in which it may be quite important, if not necessary, that the testimony should be admitted to prevent injustice or to redress wrong."

In *Hyman* v. *Hyman* (154 App. Div. 469), an action for divorce, where it was clearly proved that plaintiff was entitled to a decree, this court held it should not be refused merely because plaintiff's attorney accompanied the witnesses who entered defendant's house and discovered that he was living in open adultery, and that he had testified as a witness in his client's behalf.

The fact that defendant's attorney was a witness for his own client should furnish no basis whatever for upsetting the verdict. His testimony as to the occurrences of June 15, 1952, was wholly cumulative since three other witnesses had previously given proof of the same facts. Defendant's attorney endeavored to refrain from taking the witness stand by asking his adversary to concede that his testimony would be of similar import to that of the previous witnesses. Such concession was refused. In his zeal for his client's cause, counsel then felt that it was his duty to testify. Such conduct could hardly be characterized as unfair or prejudicial.

Objection is now made to statements in summation allegedly made by defendant's counsel. As the summations were not recorded we are unable to see just what was said by counsel on either side. Moreover, no objection was interposed to

defendant's summation until after the jury had returned with a verdict unfavorable to plaintiff. In answer to plaintiff's criticism of respondent's summation the court made the following comment: "My recollection is that his summation was not inflammatory and whatever reference was made by counsel for the defendant in connection with himself and the members of his firm was called for by your summation in making reference to him and his conduct as a witness in this case. Motion denied. You have an exception."

Nor do I believe that it was error for defendant's counsel to interrogate Mr. Montgomery who had been the alleged corespondent's employer. Objection to each question was sustained by the court. Some of the inquiries undoubtedly sought to elicit matter which would have been admissible if the privilege claimed for plaintiff had been waived. While no inferences should have been drawn against plaintiff as to the unfavorable nature of the information sought, no request was made by counsel to instruct the jury to that effect, nor is it reasonable to assume that any unfavorable inference was drawn by the jury.

Error is also claimed in that defendant husband was permitted to testify as to the physical condition of the apartment in which the alleged adultery had occurred in violation of section 349 of the Civil Practice Act. Such error was harmless. Other witnesses had given similar testimony. The evidence related to an issue about which there was no dispute and upon a matter that was not essential to the determination of the case. Moreover, plaintiff withdrew any objection to receipt in evidence of a diagram of the apartment when identified by defendant.

Other alleged incompetent testimony referred to by plaintiff related to her alleged friendship with a man in Italy. Such evidence was adduced in support of the second framed issue As to that framed issue, the court found for plaintiff and directed the jury to render a verdict in her favor. In its charge, the court distinctly instructed the jury that the only question before it was whether or not plaintiff wife had committed adultery in the month of June, 1952, as specified in the first framed issue. The evidence supported the jury's finding against the wife as set forth in the only issue submitted to them. That verdict should not be disturbed.

In *Minervini* v. *Minervini* (218 App. Div. 407) two issues were framed setting forth two separate acts of adultery.

Plaintiff there stipulated for the withdrawal of one question from the jury, but the evidence supported the jury's finding of guilt of the defendant specified in the second framed issue. It was held by this court that though the testimony adduced in support of the first framed issue should have been stricken from the record upon motion made by counsel for defendant, nevertheless as the evidence supported the finding of the jury of guilt specified in the second framed issue, the error was not regarded as prejudicial and the judgment was affirmed. In the case before us no motion was made by counsel for plaintiff to strike the testimony relating to the second framed charge.

The trial in this case was a long one. The record on appeal covers over seven hundred pages of testimony; the issues were fully and fairly presented by both sides, and a jury after appropriate instructions by the court, to which appellant's counsel took no exception, rendered a verdict adjudging the plaintiff guilty of the charge of adultery as set forth in the first framed issue. In the light of the evidence, the jury was justified in rendering that verdict. The judgment should be affirmed.

PECK, P. J., BREITEL and BASTOW, JJ., concur in *Per Curiam* opinion; COHN, J., dissents and votes to affirm, in opinion, in which DORE, J., concurs.

Judgment reversed and a new trial ordered in accordance with the opinion herein. Settle order on notice.