Saypol, J.
Motion is denied. The parties here are also contending in the Federal court. Here the action is by Renault for over $200,000 arising from breach of contract. In the Federal court the action is in tort, by the defendants here, as plaintiffs there, suing for the wrongful appropriation of their sales franchise from Renault. The Federal action was started on January 13, 1961, and this action was then brought about 10 days later. Just a year ago, plaintiff’s counsel gave notice to defendants’ counsel that Busby and Rivkin of Renault’s lawyers anticipated appearing as witnesses, that a new member of the law firm, Sherman, would continue with preparation and trial, that such advice had been conveyed to the Presiding Justice of the Appellate Division, First Department, and to the Chief Judge of the United States District Court, and that the Committee of Professional Ethics of the Association of the Bar of the City of New York had rendered its opinion on the authority of Opinion 220, Committee on Professional Ethics and Grievances, American Bar Association, that it would not be improper for the law firm to continue to participate in preparation of the case and for the prospective partner, Sherman, to act as trial counsel, with the proviso that opposing counsel and court should be so told. The heads of the respective courts did not respond to counsel’s advice.
Now, a year later, defendants here move to disqualify all counsel for the plaintiff. The plaintiff objects to being forced to another choice of counsel and relies on the lack of objection from the court and on the favorable opinion of the Bar Association. Defendants cite two Connecticut cases, among others (Jennings Co. v. Di Genova, 107 Conn. 491; Miller v. Urban, 123 Conn. 331). Both are strongly condemnatory of the dual role of lawyer-witness, but neither declares such testimony incompetent. In Jennings (supra) the court refused to change the result, and in Miller (supra) the exclusion of such testimony was held to be reversible error. Defendants cite also Weil v. Weil (283 App. Div. 33) which condemned the multiple role of trial counsel as testifying witness to plaintiff’s adultery with one of her lawyers. As dictum the majority of three of the court indicated that on those grounds alone it might reverse for violation of canon 19 of the Canons of Professional Ethics, but it based its decision, actually, on the improperly received testi *27 mony of the husband (Civ. Prac. Act, § 349) and on improperly received hearsay. Cherry Creek Nat. Bank v. Fidelity & Cas. Co. (207 App. Div. 787) and Flamm v. Noble (274 App. Div. 1037) were cited by the court for another proposition. Neither of those cases which the defendants cite here have any connection with lawyer as witness. The dissenting opinion, with impressive supporting citation (French v. Hall, 119 U. S. 152, 154; Little v. McKeon, 1 Sandf. 607, 609; Robinson v. Dauchy, 3 Barb. 20, 31; People v. Tait, 234 App. Div. 433, 441, affd. 259 N. Y. 599; Waterman v. Bryson, 178 Iowa 35) points out that the testimony of a trial attorney offered in behalf of his own client is competent. The weight of such testimony is, of course, for the jury; questions of the attorney’s interest, partiality and bias go to the weight, not to admissibility. In the final analysis, the trial court will control the behavior at the trial. “ There is nothing in the policy of the law, as there is no positive enactment, which hinders the attorney of a party prosecuting or defending in a civil action from testifying at the call of his client. In some cases it may be unseemly, especially if counsel is in a position to comment on his own testimony, and the practice, therefore, may very properly be discouraged; but there are cases, also, in which it may be quite important, if not necessary, that the testimony should be admitted to prevent injustice or to redress wrong.” (French v. Hall, supra, as quoted in the dissenting opinion per Cohn, J., Weil v. Weil, supra, p. 38.) The ultimate attack on the participation of the new partner is untenable.