■ PAUL J. KERN, Respondent, v. NEWS SYNDICATE Co., INC., Appellant.— Judgment unanimously reversed, on the law and on the facts and in the exercise of discretion, with costs to the appellant, and a new trial ordered with respect to the first cause of action of the second amended complaint, unless the plaintiff consents to a reduction of the amount of the punitive damages to the sum of $50,000, in which event the judgment will be modified accordingly, and affirmed as modified, with costs of this appeal to the defendant. In this libel action the Trial Justice made a superb charge to the jury, notable for its completeness and for the thorough exposition of the law involved. As often occurs in lengthy trials, some errors were made in the admission of evidence. Moreover the conduct of plaintiff as a witness and as his own trial counsel in the conduct of some of the cross-examination is not above criticism. Although prejudicial conduct and indirect presentation of improper evidence may be cause for reversal (*Gosselmon* v. *Dunfee*, 172 N. Y. 507; *Matter of Phillips*, 276 App. Div. 821, affd. 301 N. Y. 696; *Flamm* v. *Noble*, 274 App. Div. 1037, 1038; *Weil* v. *Weil*, 283 App. Div. 33; *Kohlmann* v. *City of New York*, 8 A D 2d 598), in view of all the evidence, we do not deem it to be cause for a new trial. The verdict for the plaintiff in the sum of $1,000 compensatory damage shows that the jury did not conclude that he was injured seriously by the libel. That fact is significant in considering the award for punitive damages. The basis for awarding such damages was the reckless conduct of the defendant. Although such conduct is by no means to be approved, from a punitive viewpoint it is much less evil than, and must be distinguished from, a case where the defendant deliberately and maliciously sets out to destroy a person professionally and otherwise. (See *Faulk* v. *Aware, Inc.*, 19 A D 2d 464.) The evidence properly received herein supports a verdict of punitive damages against the defendant; but in our view the verdict rendered is grossly excessive. Upon this record we believe that the jury could not properly award to plaintiff more than $50,000 as punitive damages. Settle order on notice. Concur — Botein, P. J., Breitel, Eager, Steuer and Witmer, JJ.