Joseph G-. Fritsch, J.
On December 8, 1971 the above-entitled matter was assigned to me for trial without a jury. Prior to the taking of any proof and at the opening of the trial, defendant, Louis S. Wolk, moved orally without notice to disqualify David M. Levy, Esq., as trial counsel for the plaintiff on the ground -of canon 5 of the Code of Professional Responsibility. The motion of the defendant was granted. An order thereon has not been entered.
Plaintiff .thereafter and on due notice moved before me in chambers on December 10, 1971, on the Clerk’s minutes of December 8, 1971, and the affidavits of David M. Levy, Esq. and Paul Wolk sworn to on December 9, 1971, to vacate the oral order granted by me on December 8, 1971 disqualifying David M. Levy, Esq., as trial counsel for the plaintiff herein. Anthony R. Palermo, Esq., the trial counsel for the defendant, Louis S. Wolk, has submitted an affidavit sworn to December 17, 1971 in opposition to plaintiff’s motion herein making reference therein to Disciplinary Rule 5-102 (A) of the Code of Professional Responsibility of the American Bar Association adopted January 1, 1970.
The ground of the original oral motion made by the defendant, as it related to canon 5 of the Code of Professional Responsibility, was that it appeared that Mr. Levy, trial counsel for the plaintiff, might possibly testify as a witness in the trial, specifically being compelled to testify in rebuttal to the defendant’s proof, in the interest of his client. On the argument of the original motion made by the defendant, Mr. Levy stated that he did not intend to be a witness upon the trial in which he was acting as trial counsel, but he could not assure the court with certainty that he would not be a witness if, in the interest of his client, the situation warranted it.
A trial counsel testifying on behalf of his own client is a competent witness. He is not disqualified as a witness by reason of the fact that he is the trial attorney. (See Hughes v. Sullivan Co., 261 App. Div. 39, 40.) This principle was more recently stated in Renault, Inc. v. Auto Imports (39 Misc 2d 25, affd. 19 A D 2d 814), where the court said (39 Misc 2d 25, 27) as follows: “1 There is nothing in the policy of the law, as there is no positive enactment, which *622 hinders the attorney of a party prosecuting or defending in a civil action from testifying at the call of his client. In some cases it may be unseemly, especially if counsel is in a position to comment on his own testimony, and the practice, therefore, may very properly be discouraged; but there are cases, also, in which it may be quite important, if not necessary, that the testimony should be admitted to prevent injustice or to redress wrong. ’ ”
The basis of defendant’s motion, as stated orally in the record, was upon ethical considerations claiming that in this ease they called for the disqualification of David M. Levy from acting as trial counsel. The defendant made no objection to the law firm of Levy & Levy continuing as representing the plaintiff but merely to David M. Levy acting as the trial counsel since it appeared likely that he would also be a witness testifying on behalf of his client. The thrust of the defendant’s motion was that the court had jurisdiction over the enforcement of the Code of Professional Responsibility, and further, that the court should entertain defendant’s motion because it involved the integrity of the whole judicial system, and the administration of justice, and the adjudication of the rights of the parties.
Where the facts warrant it, a motion, .such as defendant’s herein, can be entertained by the court, not for the purpose of obtaining an adjudication as to what constitutes professional misconduct on the part of an attorney, nor for the purpose of laying guide rules for the future conduct of an attorney on the Speculation of what may develop during the litigation, but for the purpose of the taking of .such action as may be necessary to insure a proper representation of the parties and fairness in the conduct of the litigation. (See Renault, Inc. v. Auto Imports, 19 A D 2d 814; see, also, Erie County Water Auth. v. Western N. Y. Water Co., 304 N. Y. 342, 346.)
The defendant, the moving party herein, has the burden of showing that the litigation would not be conducted in fairness and that the parties would not be properly represented if David M. Levy, being the trial counsel, was also to testify during the course of the conduct of the litigation as-a witness on behalf of his client. The defendant herein has not sustained either on his oral argument or by any written submission his burden and, therefore, the motion made by plaintiff to vacate the oral order made by me on December 8, 1971 is granted.