**Albert SMITH and Edwena Wynema Smith, Plaintiffs, Appellants,**

v.

**Robert CONLEY, Defendant, Appellee.**

No. 77–1875.

United States Court of Appeals, Eighth Circuit.

Submitted May 17, 1978.

Decided Sept. 11, 1978.

Susan M. Hammer, Clayton, Mo., argued, Charles P. Todt, Clayton, Mo., on brief, for plaintiffs, appellants.

John Gianoulakis of Kohn, Shands, Elbert, Gianoulakis & Giljum, St. Louis, Mo., argued, Mark J. Bremer and Cynthia C. Bottini, St. Louis, Mo., on brief, for defendant, appellee.

Before VAN OOSTERHOUT, Senior Circuit Judge, LAY, Circuit Judge, and Mac-LAUGHLIN, District Judge.*

MacLAUGHLIN, District Judge.

Plaintiffs appeal from judgment for defendant entered on a jury verdict in the United States District Court for the Eastern District of Missouri. The jury found no deprivation of constitutional rights in the death of plaintiffs' son which resulted from the discharge of defendant's gun. We affirm.

This suit under 42 U.S.C. § 1983 arises out of events which occurred in University City, Missouri, on November 23, 1974. That day, defendant Robert Conley reported for work in his capacity as a patrolman for the University City Police Department. Patrolling alone in a squad car, he received a call at approximately 1 p. m. to investigate a minor traffic accident.

The jury had to resolve the parties' differing versions of the events that transpired at the scene of the accident. Defendant testified that in an attempt to gather information for an accident report he approached the automobile Albert Smith was driving. The automobile had not been directly involved in the accident, but a participant had told defendant that its movement had caused the collision. Defendant asked to see Albert Smith's driver's license. Albert Smith responded with profanity and attempted to leave the car. Defendant stopped him, fearing that a fight between the occupants of another automobile involved in the accident and Albert Smith was likely. Eventually, Albert Smith gave defendant his driver's license and succeeded in getting out of the automobile. He then grabbed the officer and began striking him. At about the same time, Albert's brother Darrell, who was a passenger in the vehicle, emerged, circled the back of the vehicle,

and jumped on defendant's back. During the ongoing struggle, Darrell Smith tried to remove defendant's gun from its holster. The officer removed the gun himself and, while bent over from the weight of Darrell Smith on his back, attempted to strike Albert's knees with the handle of the gun. Failing in the attempt, defendant brought the gun in close to his body. The gun discharged while in defendant's hand and the bullet struck Albert Smith in the stomach, causing his death. A hole made by a bullet traveling outward was discovered in defendant's jacket. Defendant testified he did not intend to shoot anyone, but attempted only to secure his weapon in a safe position in the circumstances and it accidentally discharged. Four witnesses corroborated to various degrees defendant's testimony.

Plaintiffs, who are the parents of the decedent, maintained that defendant initially reached into the automobile and assaulted Albert Smith to provoke the incident. Albert then forced his way out of the vehicle and exchanged blows with defendant. Darrell Smith testified that he emerged only to break up the fight, that he never jumped on the officer's back, and never tried to remove his gun. Another witness, a friend of the decedent, testified that without warning defendant drew his revolver, disentangled himself from the struggle, aimed, and deliberately shot Albert Smith in the stomach.

The primary issue raised on appeal concerns the exclusion of certain expert testimony during plaintiffs' rebuttal.[1] After calling three other rebuttal witnesses, plaintiffs called R. A. Steindler, a firearms expert. Steindler would have testified that defendant's gun would not fire unless the trigger was pulled, and that if the gun had discharged while defendant gripped its barrel, he would have felt a definite sting and

---

* The Honorable Harry H. MacLaughlin, United States District Judge, District of Minnesota, sitting by designation.

1. Plaintiffs raise five other issues on appeal. The errors concern cross-examination of plaintiffs' principal witness, closing argument by

defense counsel, the jury instructions, judicial notice of a Missouri statute, and the trial judge's alleged lack of impartiality during trial. We have carefully examined the record and find that these allegations of error are without merit and justify no further discussion.

experienced powder burns on his hands. The district court excluded the testimony on two grounds: first, because it was not proper rebuttal evidence, and, second, because plaintiffs had failed to disclose Steindler as a witness in violation of the court's pretrial order and Fed.R.Civ.P. 26. Since we hold that the testimony was excludible as improper rebuttal evidence, we do not reach the question of the consequence of plaintiffs' failure to disclose the identity of Steindler or the substance of his testimony.

Rule 611(a) of the Federal Rules of Evidence provides a district court discretion in managing the conduct of a trial:

> The court shall exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence so as to (1) make the interrogation and presentation effective for the ascertainment of the truth, (2) avoid needless consumption of time, and (3) protect witnesses from harassment or undue embarrassment.

*United States v. Jackson,* 549 F.2d 517, 528 (8th Cir.), *cert. denied,* 430 U.S. 985, 97 S.Ct. 1682, 52 L.Ed.2d 379 (1977). This discretion extends to the reception of evidence in rebuttal. In *Skogen v. Dow Chem. Co.,* 375 F.2d 692, 705 (8th Cir. 1967), we stated:

> "[T]he order in which . . . evidence . . . [is] presented . . . [is] an area largely within the discretion of the trial court. . . . Normally, parties are expected to present all of their evidence in their case in chief. Allowance of a party to present additional evidence on rebuttal depends upon the circumstances of the case and rests within the discretion of the individual most able to weigh the competing circumstances, the trial judge.

Accord, e. g., *Swanson & Youngdale, Inc. v. Seagrave Corp.,* 561 F.2d 171, 174 n.6 (8th Cir. 1977); *Hanrahan v. St. Vincent Hosp.,* 516 F.2d 300, 302 (8th Cir. 1975); *French v. Hall,* 119 U.S. 152, 7 S.Ct. 170, 30 L.Ed. 375 (1886). The Court of Appeals for the Second Circuit has suggested that the discretion to exclude rebuttal evidence should be exercised with caution. *Weiss v. Chrysler Motors Corp.,* 515 F.2d 449, 457–59 (2d Cir. 1975). In *Weiss,* the failure of Chrysler to answer interrogatories revealing its theory of the cause of an automobile accident effectively prevented the plaintiff from disputing that theory until after she had rested.

Plaintiffs here can make no reasonable claim of ignorance as to defendant's theory of the shooting. Defendant's deposition and opening statement revealed the defense that the shooting was accidental,[2] and plaintiffs' evidence of a deliberate aiming and firing of the revolver controverted the defense. This is not a situation in which the proffered testimony would have significantly increased the cogency of plaintiffs' case if it was received in rebuttal. Defendant himself conceded that he must have pulled the trigger, and defendant's expert testified that pulling the trigger was the only way the gun could be fired. Plaintiffs chose, for whatever reason,[3] not to call Steindler during their case in chief. We cannot say the trial court abused its discretion in excluding the testimony.

Affirmed.

---

2. Indeed, plaintiffs' counsel concluded his direct examination of the opening witness in plaintiffs' case in chief with this question: "Did you at any time see Officer Conley shoot a hole in his jacket in any way at all?"

3. A possible motivation for delaying Steindler's testimony might have been an attempt to avoid the apparent consequences of failing to disclose his identity as an expert witness. The district court's pretrial order, cited by plaintiffs in this regard, provided in part: "Except for good cause shown, no party shall be permitted to offer in evidence (other than in rebuttal or as impeachment) the testimony of any trial witness . . . not listed or submitted by said party as herein required . . . ."