**UNITED STATES of America**

v.

**Hermena PERLMUTTER, Defendant.**

**No. SS 86 Cr. 207 (RWS).**

United States District Court,
S.D. New York.

June 30, 1986.

Rudolph W. Giuliani, U.S. Atty. for the S.D.N.Y., New York City, for U.S; John McEnany, Asst. U.S. Atty., of counsel.

Kantor, Davidoff, Wolfe, Rabbino & Kass, P.C., New York City, Kaplowitz and Wise, Linden, N.J., for defendant; Herbert Kantor, New York City, of counsel.

SWEET, District Judge.

Defendant Hermena Perlmutter ("Perlmutter") has moved for an immediate trial on Counts Nine and Ten, the only Counts presently remaining of the initial ten count indictment. She maintains also that pursuant to Rule 8 and 14, Fed.R.Cr.P., these counts were improperly joined and have prejudiced her. For the reasons set forth below, the motion is granted.

### Prior Proceedings

By opinion of May 20, 1986, 636 F.Supp. 219, this court dismissed Counts One through Eight of the nine count superseding indictment filed April 17, 1986, holding that these counts were facially insufficient, an opinion which is presently on appeal. Counts One through Eight related to financial services which Perlmutter, an attorney, performed in connection with her legal representation of clients, and concerned bank deposits and withdrawals which allegedly violated the Currency Transaction Reporting Act, 31 U.S.C. § 5311 *et seq.* and other disclosure statutes.

Count Nine, which was not the object of a facial challenge, charges Perlmutter with inducing her former secretary Laura Nadal ("Nadal") to make false or misleading statements to a Grand Jury in January, 1983 with regard to Perlmutter's preparation of tax returns for a client Daniel Washington ("Washington"), in violation of 18 U.S.C. § 1503. On June 11, 1986, the government returned a second superseding indictment adding a tenth count against Perlmutter, charging that she wrongfully concealed material facts and made false statements to the Internal Revenue Service regarding her possession of bank records related to financial transactions performed for Washington. Count Ten alleges that in May, 1984, Perlmutter denied possessing bank statements and checks which related to the withdrawal of $120,000 from a bank

account, and thereby violated 18 U.S.C. § 1001 which prohibits false statements to the government.

**Discussion**

■ Perlmutter seeks a trial of the pending Counts Nine and Ten as improperly joined under Fed.R.Cr.P. Rule 8 with the first eight and because a delay in order to resolve the government's appeal would prejudice Perlmutter within the meaning of Fed.R.Cr.P. Rule 14. Although distinct offenses may be properly joined under Rule 8, the district court in its discretion may order separate trials or grant a severance under Rule 14 if it appears that a defendant will be prejudiced by the joinder. *United States v. Werner*, 620 F.2d 922 (2d Cir.1980). Rule 14 provides in relevant part:

> If it appears that a defendant or the government is prejudiced by a joinder of offenses ... in an indictment or information or by such joinder for trial together, the court may order an election or separation of trials of counts ... or provide whatever other relief justice requires.

In determining the existence of prejudice and the need to order separate trials, courts of this district have balanced the prejudice to the moving defendant against the prejudice to the public interest caused by the time, expense, delay and duplication of trials. *United States v. Abrams*, 543 F.Supp. 1184, 1192 (S.D.N.Y.1982) (and citations therein). In the case at bar, these considerations tip decidedly in Perlmutter's favor.

Perlmutter has waived her right to a jury trial on all ten counts, a waiver which also is consented to by the government. By this waiver, Perlmutter has eliminated the time and expense required for impaneling two juries, which would have incurred in the event that the Court of Appeals reinstated Counts One through Eight of the indictment. Furthermore, it appears that little testimony, if any, will be duplicated if Counts Nine and Ten proceed to trial, as they are only tangentially related to the real estate transactions which underlie Counts One through Eight of the indictment. Indeed these episodes are separated by as much as three years, as the events comprising Counts One through Eight occurred between March, 1981 and October, 1982, the alleged grand jury obstruction occurred in January, 1983, and the alleged false statement to the IRS occurred in May, 1984. Finally, in a bench trial any relevant evidence relating to the latter transactions need not be repeated in any subsequent trial. The existing record will be applicable where relevant.

In contrast, the prejudice to Perlmutter resulting from a protracted trial delay is apparent. Perlmutter is an attorney and seeks to resolve her capacity to practice law. To defer a trial on Counts Nine and Ten pending a Court of Appeals ruling might prove needless if the dismissal of the first eight counts is upheld on appeal. On the other hand, a resolution of the pending Counts might determine her status.

■ Perlmutter has also noted her intent to call the government's trial counsel, Assistant United States Attorney John McEnany ("McEnany") as a witness to testify about prior conversations with Nadal concerning her grand jury testimony which is the subject of Count Nine, and about his prior prosecution of Daniel Washington, a client of Perlmutter's for whom she allegedly concealed bank records and checks from the IRS as charged in Count Ten of the indictment.

It is her belief that new government counsel should be obtained for Counts Nine and Ten as the "advocate-witness" rule codified in the Code of Professional Responsibility (the "Code") DR 5–101(b)[1] and DR

---

1. DR 5–101(B) provides in relevant part:

DR 5–101. Refusing Employment When the Interests of the Lawyer May Impair His Independent Professional Judgment

    \*    \*    \*    \*    \*    \*

(B) A lawyer shall not accept employment in contemplated or pending litigation if he knows or it is obvious that he or a lawyer in his firm ought to be called as a witness, except that he may undertake the employment and he or a lawyer in his firm may testify:

5–102 [2] provides generally that an attorney who will be called to testify as to disputed facts should withdraw from trial participation and therefore urges a separate trial on the pending counts on this basis.

However, the case authorities interpreting the ethical guidelines of the Code do not provide for *per se* disqualification as counsel for Perlmutter suggests. First, although the Code sets guidelines for professional conduct among attorneys appearing before the federal bar, including federal prosecutors, 28 CFR § 45.735, this court is not under a statutory duty to apply the Code as enacted by the American Bar Association. *International Electronics Corp. v. Flanzer*, 527 F.2d 1288, 1293 (2d Cir. 1975). Disqualification of an attorney therefore remains in the sound discretion of the trial court. *Cinema 5, Ltd. v. Cinerama, Ltd.*, 528 F.2d 1384, 1385 (2d Cir. 1976) guided by the interpretive principles which the Second Circuit has adopted from these Code provisions.

Generally, the Second Circuit has adopted a "restrained approach" to disqualification efforts. *Bottario v. Halton Associates*, 680 F.2d 895 (2d Cir.1982) as have the New York Courts which have rejected a *per se* disqualification rule. *People v. Paperno*, 445 N.Y.S.2d 119, 122 (N.Y.1981) (in order to disqualify prosecutor defendant had to make a significant showing that the prosecutor's conduct will be a material issue at trial and that his testimony would be adverse to the People), *see also Wolk v. Wolk*, 333 N.Y.S.2d 942 (Sup.Ct. Monroe County 1972). In recognition of the fact that a move to disqualify trial counsel has inherent tactical advantages particularly when it occurs after the culmination of extensive trial preparation, the Second Circuit has required a strong showing of necessity from the movant. For example, in *United States v. Schwartzbaum*, 527 F.2d 249 (2d Cir.1975), the Second Circuit refused to grant a new trial based on the district court's failure to permit the defendant to examine the Assistant United States Attorney:

> Nor was there any reason to permit the defendant to call government counsel as a witness. Such a procedure, inevitably confusing the distinctions between advocate and witness, argument and testimony, is acceptable only if required by compelling and legitimate need ... The use of the memorandum itself would have sufficed to establish inconsistencies between Glasser's in court statements and those purportedly made extrajudicially.... Had there been a genuine belief that the memorandum had been fabricated, the proper procedure would have been to request a hearing outside the jury's presence.

*Id.* at 253 (citations omitted). *See also United States v. Torres*, 503 F.2d 1120, 1126 (2d Cir.1974) (Prosecutor should not take the stand unless unavoidably necessary and all other sources of possible testimony have been exhausted).

---

(1) If the testimony will relate solely to an uncontested matter.

(2) If the testimony will relate solely to a matter of formality and there is no reason to believe that substantial evidence will be offered in opposition to the testimony.

(3) If the testimony will relate solely to the nature and value of legal services rendered in the case by the lawyer or his firm to the client.

(4) As to any matter, if refusal would work a substantial hardship on the client because of the distinctive value of the lawyer or his firm as counsel in the particular case.

**2.** DR 5–102 provides:

DR 5–102. Withdrawal as Counsel When the Lawyer Becomes a Witness.

(A) If, after undertaking employment in contemplated or pending litigation, a lawyer learns or it is obvious that he or a lawyer in his firm ought to be called as a witness on behalf of his client, he shall withdraw from the conduct of the trial and his firm, if any, shall not continue representation in the trial, except that he may continue the representation and he or a lawyer in his firm may testify in the circumstances enumerated in DR 5–101(B)(1) through (4).

(B) If, after undertaking employment in contemplated or pending litigation, a lawyer learns or it is obvious that he or a lawyer in his firm may be called as a witness other than on behalf of his client, he may continue the representation until it is apparent that his testimony is or may be prejudicial to his client.

Perlmutter has not established that McEnany has any information which is essential to her defense and which cannot be obtained through means other than calling him as a trial witness. At oral argument the government suggested several alternative methods for obtaining the information which Perlmutter seeks short of necessitating the testimony of the government's trial attorney. Such a resolution is preferable in light of the obvious burden on the government if a substitution of counsel was ordered on this minimal factual showing. As the New York Court of Appeals stated in *People v. Paperno, supra,* 445 N.Y.S.2d 119, discussing the prosecutor's role and the "unsworn witness" rule:

> The same concern exists in cases where the prosecutor's pretrial involvement with the defendant raises the possibility that the prosecutor's conduct will be an issue at the trial. The Appellate Division, seeking to effectuate the "spirit" of the unsworn witness rule, held that in any case in which the prosecutor's pretrial conduct is a material issue, he must be recused. Although we recognize that the utility of such a per se rule rests in the case of its application, we believe it is too broad a rule of recusal, for it fails to take into account the interest of the District Attorney's office in choosing the lawyer it wishes to have act as trial counsel, and fails to allow for consideration of less drastic alternatives which might afford full protection to the defendant under such circumstances. A more flexible approach is needed to deal with the problems of disqualification of the prosecutor—one that accommodates both the interest of the defendant in a fair trial and of the District Attorney's office in choosing its own representative.

*Id.* at 123 (footnote omitted).

At this stage of the proceedings, this "flexible approach" is preferable, particularly in light of Perlmutter's waiver of jury trial. *See Kantor, Shaw & Dandoff, P.C. v. Prudential Insurance Co., et al.,* 80 Civ. 0991 Mem.op. at 2 (S.D.N.Y. June 3, 1981). If in subsequent proceedings it appears that the testimony of the government's trial counsel is essential and unavailable by less drastic means, and that his continuing representation of the government will prejudice Perlmutter, the defendant may renew her disqualification request by motion.

Perlmutter's motion to proceed to trial on Counts Nine and Ten of the second superseding indictment is granted. Trial will begin on July 21, 1986.

IT IS SO ORDERED.