**CHAMP v. ATKINS et al.**
No. 7964.

United States Court of Appeals for the District of Columbia.

Argued March 13, 1942.

Decided May 18, 1942.

On Petition for Rehearing June 17, 1942.

Mr. Isadore H. Halpern, of Washington, D. C., for appellant.

Mr. Henry Lincoln Johnson, Jr., of Washington, D. C., for appellees other than Van Duzer and Stewart.

No appearance was entered or brief filed for appellees Van Duzer and Stewart.

Before GRONER, Chief Justice, and VINSON and EDGERTON, Associate Justices.

EDGERTON, Associate Justice.

Champ was injured by a taxicab owned and operated by one Murchison. It bore the name and colors of Harlem Taxicab Association, an unincorporated association composed of men each of whom, like Murchison, owned and operated a cab. The members paid dues of $1.00 per week, bought their cabs from one dealer, used the same colors and telephone service, and perhaps used other common service and facilities. The present appellees, Atkins et al., were members of the Association. Champ sued them as such, and recovered judgment against them on the theory that they were engaged in a joint enterprise with Murchison. [1] That judgment remains unpaid. The Clerk of the District Court certified the judgment to the Director of Traffic, with a view to the suspension of appellees' drivers' permits and registration certificates.

In the present suit, appellees sought and obtained a summary declaratory judgment against the Clerk and the Director of Traffic to the effect that appellees' permits and certificates should not be suspended, on the ground that they are not such judgment debtors as are described in the Financial Responsibility Act. Champ was allowed to intervene, and now appeals from this judgment.

We think the court erred. The judgment in Champ's previous suit determined that appellees were engaged with Murchison in a joint enterprise and were responsible to Champ for his negligence. It follows that appellees' permits and certificates must be suspended, unless the judgment against them is promptly paid. For the Automobile Financial Responsibility Act of the District of Columbia provides that: "The operator's permit and all of the registration certificates of any person, in the event of his failure to satisfy every judgment arising from an accident * * * rendered against him * * * for damages on account of personal injury, or damages to property resulting from the ownership or *operation of a motor vehicle* by him, *his agent,* or any other person with the express or implied consent of the owner, shall be forthwith suspended * * *." [2] Since appellees were so connected with Murchison as to be responsible for his negligence, he was their agent within the meaning of this statute. It is immaterial that they neither owned nor operated the car he drove.

Suspension of their licenses is likely to induce appellees to pay appellant's judgment. Her economic interest in that inducement is evident. We think her interest entitled her, under Rule 24 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, to intervene in this suit. The Supreme Court has observed that suspension of licenses under the original New York statute, which like our own gave no express rights to the judgment creditor, was "not for the protection of the creditor merely * * *." [3] This is as much as to say that the creditor's protection is one of the purposes of such a statute.

In our opinion appellees' complaint should be dismissed.

Reversed.

### On Petition for Rehearing.

The complaint in this suit stated that the plaintiffs, the present appellees, "were among those persons denominated as parties upon whom service of process was had * * *" in Champ's suit. Their brief on this appeal argues only that the Financial Responsibility Act, D.C.Code 1940, § 40—401 et seq., is limited to owners and operators of cars, and that Champ had no standing to intervene in this suit. It contains no suggestion that any of appellees were not properly served, or were not properly before the court, in Champ's suit. In a petition for rehearing, appellees' counsel now raises that contention.

Appellees brought the present suit for the purpose of preventing the enforcement of Champ's judgment by suspension of their licenses. If they had alleged in the District Court, in this suit, that some of appellees were not properly before the court in Champ's suit, and were therefore not bound by her judgment, such parties

---

[1] Cf. Rhone v. Try Me Cab Co., 62 App.D.C. 201, 65 F.2d 834; Callas v. Independent Taxi Owners' Assn., 62 App. D.C. 212, 66 F.2d 192, certiorari denied 290 U.S. 669, 54 S.Ct. 89, 78 L.Ed. 578.

[2] D.C.Code (1929) Supp. V, Tit. 6, § 255b, Code 1940, § 40—403; 49 Stat. 167, c. 89, § 3. Italics supplied.

[3] Reitz v. Mealey, 314 U.S. 33, 37, 62 S.Ct. 24, 27, 86 L.Ed. ——.

would have been entitled to try that issue. But they pitched their case on a wholly different theory. They cannot be permitted to change the issues in this court. But we say this without prejudice to the right of the District Court, if it deems that justice so requires, to permit appellees to amend their complaint. Cf. Federal Rules of Civil Procedure, Rule 15(a), 28 U.S. C.A. following section 723c. Our previous judgment will be vacated and judgment entered in conformity with this opinion.