## HARLEM TAXICAB ASS'N v. NEMESH.

### No. 10674.

United States Court of Appeals District of Columbia Circuit.

Argued March 8, 1951.

Decided June 7, 1951.

Henry Lincoln Johnson, Jr., Washington, D. C., with whom E. Lewis Ferrell and Curtis P. Mitchell, Washington, D. C., were on the brief, for appellant.

Albert Brick, Washington, D. C., with whom Joseph J. Lyman, Washington, D. C., was on the brief, for appellee.

Before EDGERTON, CLARK and PROCTOR, Circuit Judges.

EDGERTON, Circuit Judge.

Appellee Nemesh was injured trying to help a taxicab driver named Hamilton start a stalled cab. The cab belonged to one Thomas, a member of the Harlem Taxicab Association, and bore the Association's name and insignia. Appellee sued the Association for personal injuries said to have been caused by negligence in the maintenance and operation of the cab. The Association appeals from a judgment for the appellee.

Appellant Association's president testified it had no interest in the cab, owned no cabs, got no revenue from the operation of cabs, and had no control over

the activities of any cab owner. But on motion of appellee's counsel the court struck this testimony. The court said to appellant's counsel: "Unless you can show that the owner of this cab was not a member of the association or the driver was not a member of the association * * * I think all this evidence is immaterial * * *." In our opinion this was erroneous.

■ An association of cab owners is estopped to deny liability to an injured passenger who has been induced by the association's representations to ride in a cab that bears its name. Rhone v. Try Me Cab Co., 62 App.D.C. 201, 65 F.2d 834. But in the absence of estoppel an incorporated or unincorporated association of cab owners which neither owns nor operates cabs and has no control over their operation is not responsible for the negligence of a member of the association, or the member's agent, in operating his cab. An opposite rule would plainly conflict with familiar legal principles.[1] An association's name and insignia raise a presumption that it owns or controls a cab on which they appear, but this is decisive only in the absence of contrary evidence. Callas v. Independent Taxi Owners Ass'n, Inc., 62 App.D.C. 212, 66 F.2d 192; Simon v. City Cab Co., Inc., 64 App.D.C. 364, 78 F.2d 506; Marchetti v. Olyowski, 86 U.S.App. D.C. 215, 181 F.2d 285. When substantial evidence contrary to a presumption is introduced, the underlying facts that originally raised the presumption may or may not retain some degree of probative force as evidence but they no longer have any artificial or technical force; in other words, "the presumption falls out of the case. It never had and cannot acquire the attribute of evidence in the claimant's favor. Its only office is to control the result where there is an entire lack of competent evidence." Del Vecchio v. Bowers, 296 U.S. 280, 286, 56 S.Ct. 190, 193, 80 L.Ed. 229.

■ Since evidence more or less equivalent to that which the court struck was afterwards admitted without objection, the error in striking this evidence might perhaps have been harmless if the jury had been correctly instructed. But the jury were instructed that the presumption that the cab was being operated on behalf of the Association was "conclusive provided the owner of the cab * * * was a member of that association and provided he entrusted the cab to the driver of it at that time."

■ The appellant did not strictly comply with F. R. C. P. Rule 51, 28 U.S. C.A., which provides that "No party may assign as error the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider its verdict * * *." But the court had repeatedly stated its view of the law in the course of the trial and had repeatedly prevented appellant's counsel from proceeding on the opposite view. "The purpose of exceptions is to inform the trial judge of possible errors so that he may have an opportunity to reconsider his rulings and, if necessary, correct them." Sweeney v. United Feature Syndicate, 2 Cir., 129 F.2d 904, 905–906. It would have been only a formality for counsel to ask the court, at the end of the trial, to reverse itself. An error in instructing a jury may be raised by an appellate court, when justice seems to require, even though it cannot be raised by the appellant. Shokuwan Shimabukuro v. Higeyoshi Nagayama, 78 U.S.App.D.C. 271, 140 F.2d 13.[2]

Reversed.

PROCTOR, Circuit Judge (concurring):

The question on this appeal is controlled by the law laid down in Callas v. Independent Taxi Owner's Ass'n, 1933, 62 App.D.C. 212, 214, 66 F.2d 192, 194. There this court, dealing with a substantially similar state of facts, said: "* * * the car was operating as a taxicab at the time of the accident, bearing the peculiar colors and

---

1. Am. Law Inst., Restatement of the Law of Agency, §§ 265, 267.

2. Our Rule 17(i) provides that "* * * the court, at its option, may notice and pass upon a plain error not pointed out or relied upon." Cf. Hormel v. Helvering, 312 U.S. 552, 557, 61 S.Ct. 719, 85 L.Ed. 1037.

trade-name of the defendant company; and consequently was legally presumed to be in the custody and on the business of the person whose name it bore." Concerning the presumption the Court said: "Whether the effect of this presumption was overcome by the testimony of the president of the company that it did not own a cab, and his intimations that it was not in the cab business *was a question of fact for the jury, and consequently its decision as a question of law by the court was error."* [Emphasis added.]

In the present case the learned trial judge treated the presumption as conclusive—a presumption of law rather than of fact, and so instructed the jury. The practical result was to apply estoppel as in Rhone v. Try Me Cab Co., 1933, 62 App. D.C. 201, 65 F.2d 834. However, that decision rested upon a contractual relationship of the cab company to a *passenger,* whereas the present case involves a nonpassenger. Therefore, I agree that the judgment must be reversed.