**TARMAN et al. v. SOUTHARD.**

**No. 11102.**

United States Court of Appeals District of Columbia Circuit.

Argued Jan. 12, 1953.

Decided June 4, 1953.

Petition for Rehearing in Banc Denied August 18, 1953.

Mr. Wilbert McInerney, Washington, D. C., with whom Messrs. Joseph S. McCarthy and Leo A. Huard, Washington, D. C., were on the brief, for appellants.

Mr. David F. Smith, Washington, D. C., with whom Mr. Dorsey K. Offutt, Washington, D. C., was on the brief, for appellee.

Before EDGERTON, CLARK and PRETTYMAN, Circuit Judges.

EDGERTON, Circuit Judge.

Appellee hailed and rode home in a taxicab bearing the legend "Bell Cab Company" and driven by appellant Tarman. A dispute arose over the fare. Tarman followed appellee from the cab and knocked him down. There was evidence that Tarman then drove the cab over appellee's

706

right leg. This appeal is from judgments against both Tarman and the Company for personal injuries said to have been caused by the assault and by negligent operation of the cab. The District Court directed a verdict against Tarman.

■ Appellants contend that appellee's status at the time of his injuries, and the duty they owed him, were jury questions. But we think it clear that there was a continuing carrier-passenger relation.

■ Though appellants concede that "title to this taxicab was held in the name of" the Company and that it was registered in the name of the Company with the Commissioner of Motor Vehicles and the Public Utilities Commission, both appellants testified that Tarman owned the cab. We think actual ownership immaterial in the circumstances. In Harlem Taxicab Ass'n v. Nemesh, 89 U.S.App.D.C. 123, 124, 191 F.2d 459, 461, we said "An association's name and insignia raise a presumption that it owns or controls a cab on which they appear, but this is decisive only in the absence of contrary evidence." There the injured plaintiff was not a passenger. We pointed out that "An association of cab owners is estopped to deny liability to an injured passenger who has been induced by the association's representations to ride in a cab that bears its name. Rhone v. Try Me Cab Co., 62 App.D.C. 201, 65 F.2d 834." In the Rhone case the association did not own the cab but its insignia were painted on it. A passenger was induced by the association's advertising to telephone its office for a cab.

In the instant case the Company's legend, telephone number, and distinctive color scheme were on the cab. We think it immaterial that appellee did not telephone for the cab but hailed it. When a company's insignia on a cab suggest ownership and consequent responsibility, it is estopped as against a passenger to deny responsibility.

■ The evidence on scope of employment was sufficient to support the jury's verdict against the Company. In Dilli v.

Johnson, 71 App.D.C. 139, 140, 107 F.2d 669, 670, an employee in charge of a restaurant assaulted a customer. We said "the jury was justified in finding that the servant * * * was acting within the scope of his employment" even though he "went beyond the ordinary line of duty". A carrier's responsibility for assaults is quite as extensive as a restaurant keeper's.

We have considered appellants' other contentions and find no prejudicial error.

Affirmed.

CLARK, Circuit Judge, dissents.