79 So.2d 782 (1955)
MERCURY CAB OWNERS' ASSOCIATION, a Florida non-profit corporation, trading and doing business as mercury Cab Company, Appellant,
v.
Frances JONES, Appellee.
Supreme Court of Florida. Division A.
April 29, 1955.
Rehearing Denied May 17, 1955.
Walton, Hubbard, Schroeder, Lantaff & Atkins and S.O. Carson, Miami, for appellant.
Dixon, DeJarnette, Bradford & Williams, Miami, for appellee.
ROBERTS, Justice.
The appellee, plaintiff below, filed suit in the lower court to recover damages for injuries sustained by her when the car in which she was riding collided with a taxicab bearing the name "Mercury Cab." The complaint named as parties defendant the owner of the cab (Rosenbaum), the driver *783 of the cab (Rottman), and the Mercury Cab Owners' Association ("the Association" hereafter), the appellant here. The jury returned a verdict in favor of the plaintiff against the defendants Rosenbaum and Rottman in the amount of $30,000, but found the Association not guilty. The plaintiff then filed a "Motion to Amend Judgment under Rule 41(d) to Conform to the Law and Evidence" and, in accordance with this motion, the trial judge entered an order in which he found that the Association was legally responsible, with the other defendants, for the operation of the taxicab and the damage caused by it. Judgment was, accordingly, entered in favor of plaintiff against all three defendants. The Association has appealed from the judgment.
No question is raised on this appeal as to the negligence of the driver of the cab. The Association contends only that the trial judge erred in ruling, as a matter of law, that it was legally responsible for the negligence of the driver and that this was a question of fact which was properly determined in its favor by the jury. With this contention we agree, for the reasons hereafter stated.
The complaint sought to impose liability on the Association for the negligence of the driver on the theory that the driver was the servant, agent, or employee of the Association and also because "at all times pertinent hereto the * * * Association * * * asserted that degree of dominion and control over said motor vehicle and its operation as to be responsible for the damage caused by it, according to the laws of the State of Florida." The Association in its Answer denied both allegations and the cause was tried before the jury on the issues so made. As noted above, the jury found the Association "not guilty."
The evidence showed that the Association was formed by a number of cab owners for the purpose of operating a radio transmitter by which calls for cab service are transmitted to the member cabs, and to have a single telephone number for receiving calls for cab service. Some of the members of the Association own more than one cab and employ drivers, on a commission basis, to operate their cabs for them. Each member cab is painted in distinctive colors (red and yellow) and bears the insignia "Mercury Cab." The Association derives no profit from its operations. Its members do not pay a fixed fee or fixed dues on account of their membership; the dues are established weekly or monthly and depend on the cost of operation for the particular period. The operating cost is divided up and assessed equally upon on the members without regard to the amount earned by such member, and the members do not account to the Association for their earnings. More than one-half of their earnings come from "hails" rather than from calls through the telephone and radio service. The Association does not own any cabs, pays none of the cab expenses, hires no drivers, fixes no working hours, and does not require a driver to answer a call. The members elect from among themselves a president, a secretary, a treasurer, and a board of directors. These officers of the Association hold regular meetings and prescribe certain rules and regulations for the conduct of the drivers. For an infraction of these rules, a driver could be fined or "cut off the air" for a few days. Membership could be lost only by a vote of the other members. The Association applied for and received a permit from the Federal Communications Commission to operate a two-way radio transmitting system for the purpose of engaging in land transportation. The Association held a State and County Occupational License to engage in the taxicab business in the name of Mercury Cab Co. for the fiscal year in which the accident occurred, although there was evidence that this was paid under protest. Subsequent to the date of the accident it received a Master Permit from the Florida Railroad and Public Utilities Commission for all cabs operating under the Mercury Cab Company name. The details as to this "Master Permit" were not, however, allowed to be placed before the jury for the reason that it was not so held at the time of the accident.
*784 At the time of the accident, the cab was being driven by one Rottman, who had been employed as a driver by one Cennamo who, in turn, was operating the cab under an arrangement with the Association member Rosenbaum. The driver had picked up a passenger in response to a "hail," had carried her to the airport, and was returning to Miami Beach when the accident occurred. The jury found that, under all of the above-mentioned facts, the Association was not legally responsible for the negligence of the driver, and we think there was substantial competent evidence to support this verdict.
This is not a case where a passenger, relying on the name "Mercury Cab," hails a cab bearing that insignia or calls the Association's office for Mercury Cab service, and is subsequently injured by the negligence of the driver. In such case, it is held that a cab association is estopped to deny liability for damages negligently inflicted by the driver of a cab bearing its colors and insignia. Economy Cabs, Inc., v. Kirkland, 127 Fla. 867, 174 So. 222; Rhone v. Try Me Cab Co., 62 App.D.C. 201, 65 F.2d 834. The rule is stated by the American Law Institute's Restatement of the Law of Agency, Sec. 267, as follows: "One who represents that another is his servant or other agent and thereby causes a third person justifiably to rely upon the care or skill of such apparent agent is subject to liability to the third person for harm caused by the lack of care or skill of the one appearing to be a servant or other agent as if he were such." But, as stated in Harlem Taxicab Ass'n v. Nemesh, 89 U.S.App.D.C. 123, 191 F.2d 459, 461,
"* * * in the absence of estoppel an incorporated or unincorporated association of cab owners which neither owns nor operates cabs and has no control over their operation is not responsible for the negligence of a member of the association, or the member's agent, in operating his cab. An opposite rule would plainly conflict with familiar legal principles."
It is true, as contended here by appellee, that the fact that the cab bore the peculiar colors and insignia of the Association raises the presumption that the cab was under the dominion and control of the Association, and that this presumption is sufficient to take the case to the jury, Wilson v. Burke, Fla., 1951, 53 So.2d 319. But, as in the case of any presumption, it is decisive only in the absence of contrary evidence. "When substantial evidence contrary to a presumption is introduced, the underlying facts that originally raised the presumption may or may not retain some degree of probative force as evidence but they no longer have any artificial or technical force; in other words, `the presumption falls out of the case. It never had and cannot acquire the attribute of evidence in the claimant's favor. Its only office is to control the result where there is an entire lack of competent evidence.' Del Vecchio v. Bowers, 296 U.S. 280, 286, 56 S.Ct. 190, 193, 80 L.Ed. 229." Harlem Taxicab Ass'n v. Nemesh, supra, 191 F.2d 459, 461.
The question of whether the presumption was overcome by the evidence introduced by the Association, outlined above, is ordinarily one of fact for the jury. Callas v. Independent Taxi Owners' Association, 1933, 62 App.D.C. 212, 66 F.2d 192; P. & S. Taxi & Baggage Co. v. Cameron, 1938, 183 Okla. 226, 80 P.2d 618; Smith v. Deutsch, 1949, 89 Cal. App.2d 419, 200 P.2d 802; Fullerton v. Motor Express, Inc., 1953, 375 Pa. 173, 100 A.2d 73; but see Marchetti v. Olyowski, 1950, 86 U.S.App.D.C. 215, 181 F.2d 285, where the Court of Appeals for the District of Columbia, in reversing a jury verdict against a cab association, held that the trial court erred in not directing a verdict in favor of the cab association, where the evidence showed conclusively that at the time of the accident the cab was in the possession of a total stranger to the cab association, and that the possessor had no authority, express or implied, to operate it in the name or under the colors of the association, and whose use of the cab was without its knowledge or consent.
Under all the circumstances here, we are unable to say the evidence showed, as a matter of law, that the cab and its driver were *785 sufficiently under the domination and control of the association so as to make the Association responsible for the negligence of the driver. It was, therefore, error to enter the judgment against the Association, contrary to the verdict of the jury, and the judgment appealed from should be and it is hereby
Reversed.
MATHEWS, C.J., and TERRELL and SEBRING, JJ., concur.