Ida MONTAGUE and Skyview Cab, Inc., Appellants,

v.

Joseph GOOLSBY, Appellee.

No. 12872.

United States Court of Appeals District of Columbia Circuit.

Argued March 19, 1956.

Decided April 5, 1956.

Mr. Paul J. Sedgwick, Washington, D. C., for appellants.

Mr. Howard Vogel, Washington, D. C., for appellee.

Before PRETTYMAN, BAZELON and DANAHER, Circuit Judges.

BAZELON, Circuit Judge.

While crossing a street in the District of Columbia, appellee was struck by a taxicab driven by appellant Ida Montague, a licensed hacker. He recovered a $6260 judgment against her and appellant Skyview Cab, Inc., for his injuries.

Skyview's claim that it was entitled to a directed verdict is based primarily on the contention that there was insufficient evidence to show that it owned, maintained, operated or controlled the cab at the time of the accident for purposes of imposing financial responsibility. We think, however, that the court quite properly submitted this issue to the jury.

The evidence showed that Ida's husband, James, also a licensed hacker, purchased the cab in March 1951, from Skyview, which sells and operates cabs. No written agreements or instruments relating to the purchase were introduced in evidence. A payment record showed a down payment of $100 and weekly payments of $35, which included provision for fire, theft and liability insurance arranged by Skyview. There was testimony that title was to remain in Skyview until the payments totalled the full purchase price. Since the weekly payments had not been completed on January 7, 1953, the date of the accident, title was still registered in Skyview. The Montagues were, however, in complete possession of the cab, and it was subject to repossession by Skyview only upon default in the weekly payments.

Counsel stipulated at the trial "that the cab had the color scheme, the name and the cab number 54 written on it, and that those colors are the property of the Skyview Cab Company." And Mr. Jefferis, Vice-President of Skyview, testified that Mr. and Mrs. Montague were members of the Skyview "organization," and that they could not retain membership unless they continued to carry the Skyview colors. No written agreements describing the relationship between the "organization" and its members were offered by appellants. For example, the court asked Mr. Jefferis:

> "When this man bought this car, was there some form of written agreement, giving the terms of his being a member of the organization, and so forth, entered into?"

He replied:

> "That I couldn't answer, Your Honor, I don't know."

Nor did appellants introduce Mrs. Montague's manifest, containing a record of trips and the time they were made, to substantiate their claim that at the time of the accident the cab was being used for personal, not taxicab, business.

■■ Skyview's "name and insignia raise a presumption that it owns or controls a cab on which they appear * * *." Harlem Taxicab Ass'n v. Nemesh, 1951, 89 U.S.App.D.C. 123, 124, 191 F.2d 459, 461. There was additional evidence tending to show its ownership or control. Weighing the probative force of all this evidence against the proof offered in appellants' behalf (having in mind the absence of any written agreements tending to rebut the inference of ownership), the trial court properly refused to say, as a matter of law, whether or not the cab was owned, controlled or operated on behalf of Skyview. This was clearly a jury issue.

Appellants also say the trial court erred in permitting the jury to resolve the questions of negligence, contributory negligence, appellee's credibility, and damages. We find no error.

Affirmed.