William F. BAUMAN, Appellant,

v.

BALLARD FISH COMPANY, Inc., Appellee.

No. 3089.

Municipal Court of Appeals for the
District of Columbia.

Argued Oct. 9, 1962.

Decided Nov. 13, 1962.

Maurice A. Guervitz, Washington, D. C., for appellant.

Daniel I. Sherry, Washington, D. C., for appellee.

Before HOOD, Chief Judge, QUINN, Associate Judge, and CAYTON (Chief Judge, Retired), sitting by designation under Code § 11–776(b).

HOOD, Chief Judge.

Appellee sued appellant, alleging that a corporation, B & W Transfer Co., of which appellant had been president, had executed a promissory note in the sum of $4,025.57, payable to appellee, and that appellant had individually endorsed the note; that the note was "secured by two 1955 Chevrolet trucks and one 1952 Dodge truck"; and that upon default in payment of the note the trucks had been sold and the proceeds applied to the note, leaving a balance of $1,955.57, for which judgment was asked. In his answer appellant denied personal liability on the note and alleged that the trucks had been taken by appellee in full satisfaction of the note. The trial court

gave appellee judgment for the full amount claimed, and this appeal followed.

At trial the only witness for appellee was its attorney, one Rosenberg, a member of the firm which filed the action. While Rosenberg was testifying appellee was ostensibly represented by another attorney, one Levine, who, according to the statement of proceedings and evidence, "withdrew from the case and left the courtroom after Rosenberg had testified." Over appellant's objection Rosenberg was then permitted to complete the case as attorney for appellee.

Although an attorney is a competent witness to testify on behalf of his client, courts have universally condemned the practice of an attorney acting as counsel and witness in the same case. In Callas v. Independent Taxi Owners' Ass'n, 62 App. D.C. 212, 214, 66 F.2d 192, 194, certiorari denied 290 U.S. 669, 54 S.Ct. 89, 78 L.Ed. 578 it was said:

"We agree that, in view of his knowledge of the necessity for his testifying, counsel's failure to withdraw was a disregard of professional propriety which deserved the discouragement of the court."

In Ford v. District of Columbia, D.C. Mun.App., 96 A.2d 277, 279, we said: "Common sense and a regard for ethical propriety and the integrity of trial procedure will tell most lawyers when to avoid the witness chair; otherwise judicial deterrents will be available to control the mischief." See also, Annot. 118 A.L.R. 954; 97 C.J.S. Witnesses § 71.

In the present case Rosenberg knew that he would be the sole witness for his client and he should have withdrawn as counsel in the case. When he failed to do so, the trial court should not have allowed Levine to withdraw from the case, leaving Rosenberg, the only witness for appellee, to conduct the remainder of the trial as only counsel for appellee. We have found no case where the sole witness for a litigant was permitted to conduct the trial of the case.

We reverse, however, not on the ground that the attorney was an incompetent witness, but on the ground that much of his testimony was incompetent as hearsay. He testified that appellant executed the note in his presence; that after appellant defaulted the parties agreed that the trucks should be sold; that appellant suggested as a dealer to handle the sale a man whom appellant had dealt with for a number of years; and that the trucks were sold, one for $910, the other for $800, leaving a deficiency of $1,955.57. However, the witness admitted he was not present at the sale and did not know when the trucks were sold or to whom they were sold; and he said his testimony as to the sale and proceeds therefrom was based on three check stubs he had obtained from his client. Over objection these stubs were received in evidence. Although referred to in the record as stubs, they are more in the nature of vouchers which apparently had been detached from checks. On the vouchers were typed references to three trucks, two Chevrolets and one Dodge, with a notation to the effect that the trucks were the property of appellant. These vouchers did not disclose the drawer, payee, or amounts or dates of the checks. Someone had written in ink various amounts on the vouchers but there was no explanation of these figures or what they represented.

These vouchers should not have been admitted. They were unintelligible without some explanation. One voucher apparently refers to the sale of a Dodge truck, but the witness testified only to the sale of the two Chevrolets, and it is plain that his testimony was no more than hearsay which he had obtained from his client or the dealer. The vouchers were not admissible under the Shop Book Rule because there was no testimony that they were made or kept in the regular course of business or whether the typing and handwriting were placed on them at the same time by the same person or at different times by different persons.

There was also received in evidence a chattel deed of trust produced by the wit-

ness, but what relevancy this document had to any issue in the case is not shown. It was executed by B & W Transfer Co. about ten months after the $4,025.57 note was executed and it purported to secure an indebtedness of $1,956 due the Republic Fish Co. Whether there was any connection between the $4,025.57 due Ballard Fish Co. and the $1,956 due Republic Fish Co. does not appear. The chattel trust conveyed two Chevrolet trucks but there is nothing in the record to show whether these were the same or different trucks which were sold. We are unable to see why this document was received in evidence.

Reversed with instructions to grant a new trial.