## BRAND v. LE CLUB INTERNATIONAL, et al.
### No. 77-10169.
Circuit Court, Broward County.

May 31, 1978.

Gary R. Gromet, Fort Lauderdale, for the plaintiff.

Steven J. Gutter of Ruden, Barnett, McCloskey & Schuster, Fort Lauderdale, for the defendant Le Club International.

STEPHEN R. BOOHER, Circuit Judge.

*Final judgment:* This cause came on for non-jury trial, and the court having considered the testimony and evidence of the parties, finds as follows —

1. Defendant Florida Parking Kings, Inc. accepted the bailment of the plaintiff's automobile and thereafter failed to return it. Such defendant was guilty of negligence in failing to use reasonable care to prevent the loss of the automobile, and it is, therefore,

liable to the plaintiff for the value of the automobile and contents. Based on the greater weight of the evidence, the court finds the plaintiff's loss to be in the sum of $3,050.

2. Defendant International Yacht and Tennis, Inc., d/b/a Le Club International, argues that it is not liable for the plaintiff's loss because it had contracted the parking concession to defendant Florida Parking Kings, Inc. as an independent contractor; that it had and exercised no right of direction or control over the parking concession operation; that it did not direct the manner in which the concession was operated; and that it did not hire, fire, or pay the contractor's employees, but asked only that they be neat in their appearance. It also presented evidence tending to show that it paid the contractor $100 a month to operate the concession rather than "selling the door" to the contractor as is usually the case. Such defendant relies, therefore, on the general proposition of law that an owner is not ordinarily liable for the negligence of its independent contractor. *Brien v. 18925 Collins Avenue Corp.*, 233 So.2d 847 (Fla. 3d DCA 1970). The court finds that this general proposition has no application to the facts of this case.

3. The plaintiff entrusted his automobile to what the parties referred to as the "car jockey" who was stationed at the front entrance of Le Club International. He parked the car where he was instructed to and left his keys in the car, as he was requested to do. He had entered the premises through an iron gate electrically operated by a uniformed guard stationed in a guard house at the entrance to the property. He had every reason to believe and did believe that he was entrusting his automobile to an employee of Le Club International. Although he has been a member of Le Club for a number of years and has moored and lived aboard his yacht at one of Le Club's private slips for three years, he never heard of the entity Florida Parking Kings, Inc. until after his automobile had disappeared from the parking lot. In such circumstances, the plaintiff had the right to rely upon the appearances, and defendant International Yacht and Tennis, Inc. is liable as bailee. Dominion and control over an unidentified and unknown contractor need not be actual; it may be binding if apparent, as in this case. *Sapp. v. City of Tallahassee*, 348 So.2d 363 (Fla. 1st DCA 1977); *Mercury Cab Owners' Association v. Jones*, 79 So.2d 782 (Fla. 1955); *Stuyvesant Corp. v. Stahl*, 62 So.2d 18 (Fla. 1952). Compare *Wood v. Holiday Inns, Inc.*, 508 F.2d 167 (5 Cir. 1975), where the court found that there was virtually no way that the plaintiff there could have known that the persons he was dealing with were employees of the local Holiday Inn licensee rather than employees of the national Holiday Inn licensor. The plaintiff

here was in the same situation, but under more extreme circumstances. He had passed through a guarded gate onto private property; there was virtually no way he could have known that the "car jockey" was an employee of an independent contractor that he had never heard of rather than an employee of Le Club.

4. The plaintiff established the bailment of his automobile and the failure to return it. The burden then shifted to defendant International Yacht and Tennis, Inc. to go forward with evidence and affirmatively show that it had exercised the degree of care required by the bailment. *Marine Office - Appleton & Cox Corp. v. Aqua Dynamics, Inc.*, 295 So.2d 370 (Fla. 3d DCA 1974). The defendant failed to carry or meet this burden and is, therefore, likewise liable to the plaintiff for his loss.

5. Another exception to the general proposition of non-liability exists where the contracting owner is shown to have caused injury by positive acts of negligence or by negligent omissions. *Florida Power & Light Company v. Price*, 170 So.2d 293 (Fla. 1964). Such is the case here. It was established that the employee of the parking contractor left the premises between 1:00 and 1:30 A.M., and that thereafter the only security was the guard at the gate, who was required each hour to make rounds and punch his watchman's clock at nine different station. There was undisputed testimony that when he made these rounds he left the gate open, even though he may have been instructed to lock it. It was negligence for both defendants to permit this condition to exist when keys were left in unattended cars.

6. There was also undisputed testimony that one of Le Club's employees told the plaintiff that no security guard was on duty the night in question because they no longer had a guard between midnight and 8:00 A.M.; and defendant's comptroller and secretary-treasurer confirmed that sometime between March and August, 1977, there was a period of time of no less than two days nor more than two weeks when there was no such guard. There was also undisputed testimony elicited on cross examination by defendant International Yacht and Tennis, Inc. without objection that the plaintiff had been told by the president of Florida Parking Kings, Inc. that it was not liable for the loss, which occurred in late April, 1977, because Le Club had not maintained 24-hour guard service. This testimony corroborates the admission of the employee and albeit hearsay is admissible for such purpose, and defendant has no right to object to it since its admission was procured by the defendant's own question. It was negligence for defendant International Yacht and Tennis, Inc. to permit the gate to be left unguarded when it knew that the parking contractor was no longer

on duty and that the keys were left in the unattended automobiles. Such defendant is, as a result, liable to the plaintiff for his loss based on its own independent acts of negligence.

Based on the foregoing, it is ordered and adjudged that the plaintiff, Stephen Brand, recover from the defendants, International Yacht and Tennis, Inc., d/b/a Le Club International, and Florida Parking Kings, Inc., jointly and severally the sum of $3,050, with his costs to be hereinafter taxed upon appropriate motion and order, for which let execution issue.