375 So.2d 345 (1979)
Florentino CARRAZANA and Hipploita Carrazana, Appellants,
v.
COCA COLA BOTTLING COMPANY, Appellee.
No. 78-2170, 79-367.
District Court of Appeal of Florida, Third District.
September 18, 1979.
Rehearing Denied October 17, 1979.
Stabinski, Funt, Levine & Vega and Regina F. Zelonker, Miami, for appellants.
Marlow, Shofi, Ortmayer, Smith, Connell & Valerius, Greene & Cooper and Sharon L. Wolfe, Miami, for appellee.
Before BARKDULL, KEHOE and SCHWARTZ, JJ.
SCHWARTZ, Judge.
The only evidence as to the ownership of or responsibility for the truck which allegedly negligently caused injury to the plaintiff-appellant was that it was red and *346 had the common and familiar white Coca Cola insignia painted on its side. The trial judge held that this testimony, as proffered to the court by the plaintiffs' counsel at the commencement of the trial below[1] was insufficient to establish a prima facie case of liability against the defendant-appellee, Coca Cola Bottling Company, a Florida corporation; he therefore granted the defendant's motion for directed verdict in its favor. We disagree and reverse the judgment below.
It is well-established both in Florida and elsewhere that, as stated in Jack Cole Co. v. Hudson, 409 F.2d 188, 192 (5th Cir.1969):
[W]here a defendant's name appears on a commercial vehicle involved in an accident, there is a rebuttable presumption that the vehicle is owned by the defendant and that the operator of the vehicle is an employee of defendant, and was, at the time of the accident, engaged in the scope of his employment and in the furtherance of the business of the master.
Accord, e.g., Newell v. Harold Shaffer Leasing Co., 489 F.2d 103 (5th Cir.1974); Barber Pure Milk Co. v. Holmes, 264 Ala. 45, 84 So.2d 345 (1955); Fullerton v. Motor Express, Inc., 375 Pa. 173, 100 A.2d 73 (1953); Thomas v. Checker Cab Co., 66 Mich. App. 152, 238 N.W.2d 558 (1975); Winston v. Sears, Roebuck & Co., 88 Ill. App.2d 358, 233 N.E.2d 95 (1967); Harrington v. Evans, 99 Cal. App.2d 269, 221 P.2d 696 (1950). As our supreme court stated in Mercury Cab Owners' Ass'n. v. Jones, 79 So.2d 782, 784 (Fla. 1955):
[T]he fact that the cab bore the peculiar colors and insignia of the Association raises the presumption that the cab was under the dominion and control of the Association, and that this presumption is sufficient to take the case to the jury, Wilson v. Burke, Fla., 1951, 53 So.2d 319.
* * * * * *
The question of whether the presumption was overcome by the evidence introduced by the Association, outlined above, is ordinarily one of fact for the jury. Callas v. Independent Taxi Owners' Association, 1933, 62 App.D.C. 212, 66 F.2d 192; P. & S. Taxi & Baggage Co. v. Cameron, 1938, 183 Okla. 226, 80 P.2d 618; Smith v. Deutsch, 1949, 89 Cal. App.2d 419, 200 P.2d 802; Fullerton v. Motor Express, Inc., 1953, 375 Pa. 173, 100 A.2d 73; but see Marchetti v. Olyowski, 1950, 86 U.S.App.D.C. 215, 181 F.2d 285 ...
There is no doubt of the applicability of this principle to the facts of the case at bar. The appellee argues, however, that the presumption does not arise in this case because there was no evidence that the "Coca Cola" truck was owned or operated by the particular named defendant, rather than, say, "another" Coca Cola bottling company.[2] We are unable to accept this contention. Simply stated, we think that the jury had the right to draw the common sense conclusion, particularly in the absence of any evidence even of the existence of another entity which bears the name of Coca Cola, that what looked and acted like a Coca Cola truck was a Coca Cola truck owned and operated by the "Coca Cola Bottling Company." It would be for the defendant, during the presentation of its case, to attempt to demonstrate, if it can, that the truck involved in the accident was, or even might have been, owned by some other Coca Cola entity or that it was really a Pepsi Cola truck traveling under false colors.[3]Fullerton *347 v. Motor Express, Inc., supra, cited in Mercury Cab Owners' Ass'n. v. Jones, supra.
The judgment under review is reversed and the cause is remanded for further proceedings consistent herewith.
Reversed and remanded.
NOTES
[1] This procedure was adopted with the consent of both counsel and the trial judge in a commendable effort to minimize the expense and court time required to present the legal question involved.
[2] It points out several reported cases in which various "Coca Cola" companies have been parties. E.g. Miami Coca Cola Bottling Co. v. Todd, 101 So.2d 34 (Fla. 1958); Florida Coca Cola Bottling Co. v. Jordan, 62 So.2d 910 (Fla. 1953). The defendant does not suggest how the existence of references to other companies in the Southern Reporter, as opposed to the record, may be considered by the trial judge, the jury, or this court in determining the legal and factual issues in question.
[3] We hold only that the proffered evidence was sufficient to raise a jury question and require denial of the defendant's motion for directed verdict at the conclusion of the plaintiff's case.