Jacqueline WOOD, Appellant,

v.

BARWOOD CAB COMPANY and Willie
L. McKnight, Appellees.

No. 93–CV–529.

District of Columbia Court of Appeals.

Argued Sept. 13, 1994.

Decided Sept. 19, 1994.

As Amended Oct. 11, 1994.*

John T. Henderson, Jr., Washington, DC,
for appellant.

Mark A. Gilder, Chevy Chase, MD, for
appellee Barwood Cab Co.

Patrick G. Senftle, Gaithersburg, MD, with
whom Richard L. Swick, Washington, DC,
was on the brief, for appellee McKnight.

Before TERRY and STEADMAN,
Associate Judges, and PRYOR, Senior
Judge.

TERRY, Associate Judge:

Appellant sued Barwood Cab Company
and the driver of a Barwood cab, Willie
McKnight, for injuries suffered in a collision
between McKnight's cab and another cab in
which appellant was riding. The trial court
granted Barwood's unopposed motion for
summary judgment and, in a separate order,
granted McKnight's motion to dismiss based
on appellant's failure to comply with the stat-
ute of limitations. We affirm both rulings.

I

On November 30, 1987, two taxicabs collid-
ed on a Washington street. Appellant Wood
was a passenger in one of the cabs, which
was owned and operated by Leah B. Cole.
Appellee McKnight owned and operated the
other taxicab, which bore the color scheme
and insignia of appellee Barwood Cab Com-
pany.

Almost three years later, on September 6,
1990, Ms. Wood filed her complaint against
Barwood and the Independent Taxi Owners'
Association, of which Ms. Cole was a mem-
ber. She alleged negligence on the part of
both cab drivers and sought damages in the
amount of $300,000. On November 27, 1990,
she moved for leave to amend her complaint
by adding Ms. Cole as a defendant and dis-
missing the Independent Taxi Owners' Asso-
ciation; that motion was granted by Judge
Wolf in January 1991.[1] More than a year
later, on February 4, 1992, Ms. Wood moved

---

* The decision in this case was originally issued as
an unpublished Memorandum Opinion and Judg-
ment. It is now being published, in slightly
revised form, by direction of the court.

1. Ms. Cole was never served with process, and
the case against her was eventually dismissed.

to amend her complaint a second time by adding Mr. McKnight as a defendant. This motion was granted on June 6, 1992, by Judge Long, who ordered the amended complaint to be filed as of that date.

After the completion of discovery, Barwood moved for summary judgment. Ms. Wood filed no opposition,[2] and the motion was granted by Judge Huvelle. At about the same time, Mr. McKnight moved to dismiss the complaint against him on the ground that it had been filed after the three-year statute of limitations[3] had expired. He asserted that because he had not had notice of the original filing of the complaint, as required by Super.Ct.Civ.R. 15(c)(3),[4] the amended complaint did not relate back to the time of the original filing. Judge Huvelle agreed and dismissed the case against McKnight.

## II

■ Wood's claim against Barwood was based on the doctrine of *respondeat superior.* In its summary judgment motion, Barwood asserted that McKnight was not its employee but an independent contractor, and that *respondeat superior* would therefore not apply. McKnight's deposition, as well as an affidavit from Thomas Smith, Barwood's manager, supported Barwood's assertion, and Wood offered no evidence to the contrary.[5] Having examined the record under well-established standards of review,[6] we agree with the trial court that the undisputed evidence shows

that McKnight was an independent contractor and that no employer/employee or master/servant relationship existed between him and Barwood. *See Giles v. Shell Oil Co.,* 487 A.2d 610, 611–612 (D.C.1985); *Safeway Stores, Inc. v. Kelly,* 448 A.2d 856, 860–861 (D.C.1982).

■ There are special rules applicable to taxicabs and taxicab companies. Wood invokes one of those rules, which is that a taxicab company is estopped from denying liability for a driver's negligence on the ground that it did not own the vehicle—but only if the injured person was a passenger in the taxi driven by the allegedly negligent driver. *Rhone v. Try Me Cab Co.,* 62 App. D.C. 201, 202–203, 65 F.2d 834, 835–836 (1933). That is not the situation in this case; Ms. Wood was not a passenger in McKnight's taxi, but in the other taxi driven by Ms. Cole. Thus this case is governed not by *Rhone* but by *Harlem Taxicab Ass'n v. Nemesh,* 89 U.S.App.D.C. 123, 124, 191 F.2d 459, 461 (1951), which limits any estoppel under *Rhone* to a situation in which "an injured passenger has been induced by the [company's] representations to ride in a cab that bears its name." In a situation such as that presented here, Barwood's name on the taxicab raises a presumption that it owns or operates the cab, "but this is decisive only in the absence of contrary evidence." *Id.* (citations omitted). Once Barwood offered evi-

2. Barwood had filed an earlier motion for summary judgment, which Ms. Wood had opposed on the ground that additional discovery was necessary before the court could properly rule. The court denied that motion without prejudice and authorized Ms. Wood to take Mr. McKnight's deposition. After the deposition was completed, Barwood renewed its motion, and this time it was granted without any opposition from Wood.

3. D.C.Code § 12–301(8) (1989).

4. Rule 15(c) provides in pertinent part:

An amendment of a pleading relates back to the date of the original pleading when ...
(3) the amendment changes the party or the naming of the party against whom a claim is asserted if ... within the period provided by Rule 4(j) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in

maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

5. Super.Ct.Civ.R. 56(e) provides that when a motion for summary judgment is supported by affidavits or depositions, an adverse party may not rest upon "the mere allegations or denials" in the pleadings, but must respond with affidavits or depositions which "set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against [that] party." *See, e.g., Wyman v. Roesner,* 439 A.2d 516, 519 (D.C.1981) (party opposing summary judgment motion "must rebut [movant's] prima facie showing] with specific evidence").

6. *See, e.g., Holland v. Hannan,* 456 A.2d 807, 814–815 (D.C.1983).

dence contrary to the presumption, "the presumption [fell] out of the case." *Del Vecchio v. Bowers*, 296 U.S. 280, 286, 56 S.Ct. 190, 193, 80 L.Ed. 229 (1935) (quoted in *Nemesh*). The general rule is that, absent a *Rhone*-type estoppel, an association or company "which neither owns nor operates cabs and has no control over their operation is not responsible for the negligence of a [driver] in operating his cab." *Nemesh, supra*, 89 U.S.App. D.C. at 124, 191 F.2d at 461. Since Barwood's evidence to that effect was uncontroverted, the trial court committed no error in ruling that Barwood was not vicariously liable for McKnight's actions.

■ As for the claim against McKnight, we are in general agreement with the reasoning of the trial court when it granted McKnight's motion to dismiss. Appellant Wood had the burden of showing that McKnight in fact had notice of the suit against Barwood before the statute of limitations expired, but she did not meet that burden. McKnight was not served with process until January 11, 1993, more than five years after the accident. He testified in his deposition that he had no knowledge of appellant's case against Barwood until April 1992, almost a year and a half after the statute expired, and appellant offered no proof to the contrary. We find no error.[7]

The judgment of the trial court is in all respects

*Affirmed.*

---

**7.** Appellant maintains that the relation-back issue was necessarily decided by Judge Long's grant of the motion to add Mr. McKnight as a defendant. This argument is without merit. *See Karr v. C. Dudley Brown & Associates, Inc.*, 567 A.2d 1306, 1310–1311 (D.C.1989).