452 A.2d 1183 (1982)
In the Matter of Petition of P.G. and L.G.
Raymond FISHER, Appellant,
v.
The BARKER FOUNDATION, Appellee.
No. 80-1152.
District of Columbia Court of Appeals.
Argued September 7, 1982.
Decided November 16, 1982.
Dacosta V. Mason, Washington, D.C., for appellant.
Michael P. Bentzen, Washington, D.C., with whom David S. Klontz, Washington, D.C., was on the brief, for appellee.
Before NEWMAN, Chief Judge, and KELLY and MACK, Associate Judges.
NEWMAN, Chief Judge:
Appellant, the unwed father of Baby Boy Davis sought custody of the child, and opposed adoption by the G. family. The court found that adoption would be in the child's best interest, and therefore granted it. Appellant now contends that the District of Columbia adoption scheme violates due process by permitting the termination of parental rights (through adoption) over the objection of a natural parent, without a finding that the natural parent is unfit to raise the child. Appellant also argues that it was error to deny a mistrial where the trial judge had seen inadmissible evidence in an ex parte letter, although the information was expressly disregarded in deciding the case. Neither ground has merit.

*1184 I
Appellant and the child's natural mother lived together for about two years, although they never married. They separated while the mother was pregnant, and she sought an adoptive placement before the child's birth. The child has lived with the G. family since the age of about five weeks. The child was about one and a half years old when their petition for adoption, now under review, was granted.
The court found that adoption by the G. family would be in the best interest of the child. To say that the evidence and subsidiary findings provide overwhelming support for that ultimate finding is an understatement. As the court found, appellant has only his biological tie with the child in his favor; all else is decisively in favor of the adoption petition.

II
Under D.C.Code 1981, § 16-304(e), the trial court can grant an adoption over the objection of a natural parent if it finds that the parent's consent is withheld contrary to the child's best interest. Appellant urges that to permit adoption, with the concurrent termination of preexisting parental rights, without requiring a finding of parental unfitness, violates the parent's right to due process.
However, the constitutional issue has already been resolved by the court. In re J.S.R., D.C.App., 374 A.2d 860 (1977), upheld the adoption statute, holding that it is constitutionally permissible to order adoption over the objection of a parent if that is the "least detrimental available alternative," without necessarily finding that the losing party is "unfit."[1] While appellant attempts to cast his position as not inconsistent with In re J.S.R., in fact it amounts to a direct attack on that decision's principal holding.[2]
The Supreme Court cases invoked by appellant are either inapposite or consistent with the constitutionality of the D.C. statute. Stanley v. Illinois, 405 U.S. 645, 92 S.Ct. 1208, 31 L.Ed.2d 551 (1972), established that a natural father, even of an illegitimate child, has the right to a due process hearing (applying the substantive state law) before his rights are terminated.[3] However, appellant's claim is not founded on procedural, but substantive due process  a challenge to the best interest standard. Contrary to appellant's suggestion, Stanley does not stand for the proposition that the father of an illegitimate child has a constitutional right to block adoption unless he is unfit. Lack of fitness was an essential finding in that case only because under state law, that was the only basis for granting an adoption without parental consent even when the parents were married.
In Quilloin v. Wolcott, 434 U.S. 246, 98 S.Ct. 549, 54 L.Ed.2d 511 (1978), the Supreme Court came relatively close to disposing of the present case. It found that a best interest standard satisfied the due process rights of the nonconsenting parent, at least where the effect is simply to recognize *1185 an existing family unit.[4] However, the Court declined to address whether the best interest standard would always suffice, i.e., even where the child has not already been integrated into the adoptive family for some time. In Quilloin, the child had lived with the natural mother and her husband (the adoptive father) for nine years, whereas in the present case we are dealing with an infant who had been with the G. family for about a year and four months at the time of the court order.
Caban v. Mohammed, 441 U.S. 380, 99 S.Ct. 1760, 60 L.Ed.2d 297 (1979), is relied on by appellant, but its holding is based on equal protection;[5] the due process ground was explicitly not addressed. Id. at 394 n. 16, 99 S.Ct. at 1769 n. 16. Therefore, the case is inapposite in the present context.
Finally, in Santosky v. Kramer, ___ U.S. ___, 102 S.Ct. 1388, 71 L.Ed.2d 599 (1982), the Court held that procedural due process requires findings based on clear and convincing evidence before parental rights are terminated.[6] In that case, under applicable state law, parental fitness was the test. However, the Court carefully refrained from any constitutional holding regarding the substantive criteria, limiting its attention to the standard of proof.
In the absence of subsequent contrary Supreme Court authority, our opinion in In re J.S.R. requires rejection of the due process challenge.[7]
Affirmed.
NOTES
[1] The holding was reaffirmed in In re J.O.L., D.C.App., 409 A.2d 1073 (1979), vacated, 449 U.S. 989, 101 S.Ct. 523, 66 L.Ed.2d 286 (1981). In that case, the statutory standard was not attacked directly, but only as applied to the facts of that case. The court affirmed the grant of adoption notwithstanding the lack of parental consent. The holding has never been reversed, but the opinion was vacated and remanded for the purpose of addressing new issues raised before the Supreme Court.
[2] We are baffled as to why appellant wants to have the statute declared unconstitutional on this ground, since the evidence is overwhelming that he is in fact unfit as a parent, and the trial court so found even though it was not required to do so by statute. After 43 paragraphs of detailed findings, the court concluded:

In view of the foregoing, the Court finds Mr. Fisher to be immature, poorly educated, socially maladjusted, unable to maintain continuous gainful employment, without substantial assets, and unprepared to assume parenting responsibilities for a child of tender years.
[3] The Court also struck down the state adoption standard on equal protection grounds. No equal protection issue is presented in the case at bar, however.
[4] An equal protection challenge, inapposite here, was also rejected.
[5] The Court struck down a statute that foreclosed adoption by an unwed father and made his consent irrelevant to adoption by others, while allowing unwed mothers to adopt and required their consent to adoption by others.
[6] That standard of proof had already been established in the District by In re J.S.R., supra.
[7] Appellant's only other objection is frivolous. First, the portion of the trial transcript containing the denial of the motion for a mistrial is not in the record. Second, the ground for reversal is sorely weak on the merits. Appellee, the Barker Foundation, sent letters to the judge, with copies to appellant, containing allegedly inadmissible information about the case. When inadmissible matters come to the attention of a jury, a new trial is sometimes required even if the jury is instructed to disregard it. However, the trial court is perfectly capable of disregarding information which it finds inadmissible. The trial court explicitly ruled that it could and would disregard any inadmissible evidence contained in the letters. For that reason, the sole case relied on by appellant is inapposite. In Bauman v. Ballard Fish Co., D.C.Mun.App., 185 A.2d 506 (1962), the court reversed a trial court decision because improper testimony was admitted into evidence, not merely because inadmissible evidence may have come to the court's attention. In the present case, the court was justified in denying a mistrial.